## Backestoss *against* The Commonwealth.

The presumption of payment of an administration bond does not begin to run from its date, but from the time when the plaintiff is entitled to resort to it:— hence, in an action by a creditor against the surety in such bond, the time will be computed from the period when the administrator was fixed personally for the debt; and this is a question of law for the court.

A judgment will not be reversed because of the admission of incompetent evidence of what had been otherwise conclusively established.

ERROR to the common pleas of *Dauphin* county.

The Commonwealth, for the use of Christian Spangler, against George Backestoss. This suit was brought on an administration bond executed by the defendant as one of the sureties of Christina Moyer, administratrix of Daniel Moyer, deceased. The bond was dated the 8th of June 1814; and this suit was brought to November term 1836.

The plaintiff, after giving the bond in evidence, offered the record of a judgment in favour of Christian Spangler against Christina Moyer, administratrix of Daniel Moyer, deceased, in the common pleas of Lebanon county of January term 1831, which said suit was an action of debt on a bond signed by Daniel Moyer in his lifetime, in which judgment was rendered the 13th of August 1832, for 536 dollars 8 cents, upon which a *fieri facias* was issued to November term 1832, which was returned "*nulla bona*," and a *testatum fieri facias* was issued to Dauphin county to January term 1833, which was also returned "*nulla bona*," and an *alias testatum fieri facias* was issued, upon which the sheriff returned a "*devastavit.*" To this evidence the defendant objected, but the court below (Blythe, president) overruled the objection, and the defendant excepted.

The plaintiff also offered in evidence the record of a suit upon the same bond on which this suit was founded, by another person not connected at all with the present plaintiff, brought to January term 1833, for the purpose of repelling the presumption of payment of the bond from lapse of time. The defendant objected to the evidence; but the court overruled the objection, and the defendant excepted.

The defendant requested the court to charge the jury upon the following point:

"That as the bond on which suit is brought is dated the 8th of June 1814, and no evidence has been given of any demand by the present plaintiff, until the institution of this suit:—and as more than twenty years have elapsed between the date of the bond and the

demand of payment by the plaintiff, the presumption of law is that the bond has been paid, and the plaintiff cannot recover."

To which the court answered:

" The presumption of law is as stated in this proposition, and unless the plaintiff has rebutted the presumption of payment, the plaintiff cannot recover. But the plaintiff may recover if he has rebutted the presumption of payment, although no demand was made on this bond by the plaintiff previous to the institution of the suit; and whether he has rebutted the presumption or not is referred to the jury as a matter of fact." Verdict for plaintiff.

*Alricks* and *Foster*, for plaintiff in error, cited 1 *Penn. Rep.* 419; 2 *Penn. Rep.* 97; 2 *Watts* 214; 1 *Watts* 439; *Purd. Dig.* 671; 7 *Johns.* 556; 6 *Watts* 376; 14 *Serg. & Rawle* 22; 1 *Serg. & Rawle* 236; 1 *Stra.* 68; 1 *Stark.* 208.

*M'Cormick* and *Weidman,* for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—Being a standing security for all who have an interest in the estate, an administration bond is never actually paid, though the demands secured by it may be paid. It is a security, not for the payment of money, but for the performance of an office; and were the surety disposed to rid himself of responsibility at once by payment of the penalty, there would be no one to receive it. It would, therefore, be inaccurate to say, what might be inferred from M'Lean *v.* Findley, that the bond itself may be presumed to have been paid, not only because such a presumption would be unfounded in the course and current of things, but because it would subject the bond to the inconsistent treatment of being deemed paid as to particular creditors, and unpaid as to others. It is less productive of misconception to say, that the judgment against the administrator in his representative character, and not its collateral security, may be presumed to have been paid; and that whatever repels the presumption as to the former, is sufficient for a recovery on the latter. Moreover, the time from which it begins to run, is not that when the debt was first demandable from the administrator, but that when he became personally liable for it. Thus, against a creditor, it runs from the period when he has fixed the administrator with a *devastavit*, for which only the surety is contingently responsible to him; and, in analogy to a bond for the payment of money, which starts the presumption from the day appointed for its payment, it was ruled in M'Lean *v.* Findley, that it runs against distributees, as they have no action for a *devastavit*, from the time their shares were demandable. These distinctions seem to be necessary to a clear view of the presumption and its consequences, which is not to be had from that case. With the principle of it, however, it is not my purpose to quarrel. The presumption there

[Backestoss v. The Commonwealth.]

was not repelled by a movement in the register's office, which would not have repelled it in a separate action against the administrator alone; for it could not be pretended that the discontinuance of a proceeding, weakens the subsequent presumption that the object of it had been attained. But a decree of the debt, or an admission of its existence, would have made a different case. The filing of the account, however, was an admission of no more than that the party had not settled for his collection of the assets and payment of the debts; and if done on citation, it would, to say the least, leave the presumption no weaker. These considerations, in an action by a distributee, who makes out his case on the bond pretty much as he would make it out in an action against the administrator alone, lead the mind to confound the bond with the debt, for which it is a collateral security; but as a creditor makes out his case by proving a *devastavit*, and not his original debt, it is obvious that the time of presumption, in either case, begins to run, not from the date of the bond, but from the time when the plaintiff is entitled to resort to it. Now, though the judge, misled, perhaps, by what was said in M'Lean *v.* Findley, was of opinion that the presumption had arisen in the first place, and that the circumstances of rebuttal were for the jury, there was, in truth, nothing to rebut; for the plaintiff had recovered of the administrator within the three years, which preceded his recourse to the bond. The period necessary to raise the supposed presumption had scarce begun; and it would have been immaterial, therefore, that, relying on M'Lean *v.* Findley and Summerville *v.* Holliday, 1 *Watts* 507, even were the principle of those cases unquestioned, he left the circumstances of rebuttal exclusively to the jury. A different rule, however, was subsequently laid down in Delany *v.* Robinson, 2 *Whart.* 503, and recognized in Diehl *v.* Ihrie, 3 *Whart.* 149, for the justness of which there are powerful arguments. Presumptions from lapse of time, being founded in policy and convenience, are in effect judicial statutes of limitations, which, as they are mixed of fact and law, are to be dealt with, not exclusively by the court or the jury, but by each according to its function and within the limit of its province. The very period is borrowed from a statute; and what shall suspend the running of such a statute, has always been for the court, because it is an unmixed question of law, which admits not of the action of a jury, just as an unmixed question of fact admits not of the action of a court. But from the decision of a mixed question, the court has as much right to exclude the jury, as the jury have to exclude the court; so that to act legitimately, they must act in unison, each in its sphere, the jury pronouncing the facts and the court assigning them their consequences. Now what is called rebuttal, is in truth suspension, as is manifest from payment of interest, which is a confession of the debt at that time, and a consequent commencement of the presumption then, if not later; of which it has always been the province of

the court to judge. Were the operation of it, as an artificial rule, submitted to the judgment of the jury, its force would be reduced to that of a natural presumption, which operates in proportion to its power to produce actual belief; and thus the beneficial effect of its certainty would be lost.

In conclusion, then, the necessary time had not elapsed when the surety was sued; and though the submission of the supposed fact of rebuttal was abstractly an error, it was one which could not prejudice the defendant, as the case was against him in any view; and the same thing may be said of the admission in evidence, of the record of an independent action. The plaintiff made out a conclusive case without it; so that it was, in effect, but incompetent evidence of what had been conclusively established.

Judgment affirmed.