## Frey v. McCardle

*Fetterolf & Brugler*, for plaintiffs.

*Harry B. Thatcher*, for defendant.

LEHMAN, P. J., August 17, 1959.—This matter is before us on a rule to Cloyd J. Trail, administrator of the estate of J. Melvin Trail, deceased, substituted plaintiff, and to Eldo Frey, plaintiff, to show cause why judgment of nonpros should not be entered.

Plaintiffs caused a summons in trespass to issue on February 14, 1951. This was served on February 17, 1951, on the father of defendant, an adult member of the family with whom defendant resided. Counsel for plaintiffs and defendant admit that the automobile collision which provides the basis for this action took place June 24, 1950, and that defendant was in the armed service at the time the summons was filed and served.

On October 1, 1951, L. Melvin Trail, one of plaintiffs, died intestate. On May 5, 1953, letters of administration in his estate were issued to Cloyd J. Trail. A suggestion of death and praecipe for appearance for the substituted plaintiff were dated May 11, 1953, but not filed of record until July 11, 1957.

On July 15, 1957, plaintiffs' complaint was sworn to, delivered to counsel for defendant on or about July 19, 1957, who accepted service thereof on August 29, 1957, without prejudice to his right to move for a judgment of nonpros, and on August 30, 1957, was filed of record.

On August 3, 1957, defendant presented his petition for a rule to show cause why judgment of nonpros should not be entered and the rule prayed for was granted by the court on said date.

Defendant's petition avers that he will be prejudiced seriously if plaintiffs are permitted to proceed with the case because an important eyewitness to the collision had died, that the memories of other witnesses as to

matters pertaining to this suit have naturally been dimmed by the passage of time and the identity and whereabouts of other witnesses obscured, and that defendant has settled in California where he is now working and attending college.

Plaintiffs' answer thereto avers that at the time of service of the writ of summons upon defendant's father, an adult member of the family with whom defendant resided, defendant was a member of the Armed Services of the United States, being a Seaman 2nd Class, stationed at Norfolk, Va., that plaintiffs and their attorney had not been advised that defendant had been discharged from the armed services until a few months before the filing of plaintiffs' complaint, that counsel for defendant at no time advised plaintiffs' counsel of the entry of his appearance or interest on behalf of defendant, that when counsel for plaintiffs discovered an entry of appearance for defendant, he submitted his recently prepared complaint to opposing counsel with the request that he accept service thereof, that said complaint and copies thereof were submitted to opposing counsel on or about July 19, 1957, and remained in his hands from said date until August 29, 1957, when service thereof was accepted without prejudice, that defendant's petition for a judgment of non-pros was not prepared or filed until after plaintiffs' complaint had been submitted to him, that numerous witnesses to the events are alive and available and that L. Melvin Trail, one of the plaintiffs, was disabled from the date of the collision until his death on October 1, 1951, and no letters of administration in his estate were granted until May 5, 1953.

No depositions have been taken on the issue before us but it was agreed by counsel at the time of argument that the above averments on behalf of plaintiffs and defendant are substantially correct.

Pa. R. C. P. 1037(a) provides as follows:

"If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of nonpros."

1 Goodrich-Amram, Procedural Rules Service, §1037(a)-1, p. 255, in commenting on the above rule, states:

"The judgment must be entered before the complaint is filed. Although the court has the power to enter a non-pros, on the grounds of dilatory action by the plaintiff, after the complaint is filed, there is no right to such a judgment, as of course, when there is a complaint on record."

The entry of a judgment of nonpros without ruling plaintiff to file a complaint as required by Pa. R. C. P. 1037(a) is improper: Kibe v. Sentz, 89 D. & C. 101, 105; Crouse v. Novasecku, 70 D. & C. 57, 61; City of Sunbury v. Pennsylvania Railroad Company, 78 D. & C. 128.

Pa. R. C. P. 1037(c) provides as follows:

"In all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission."

As in the case of any other judgment entered on the pleadings, the court should not exercise its power to grant a summary judgment unless the case is clear and free from doubt: 1 Goodrich-Amram, supra, page 261.

The grant or refusal of a nonpros for delay in prosecution is entirely within the discretion of the court to which application has been made. There is no fixed rule as to the length of delay that will prevent plaintiffs from proceeding. It is a question of discretion controlled by the facts of the particular case: Pennsyl-

vania Railroad Company v. Pittsburgh, 335 Pa. 449, and cases cited at page 455. In The Susquehanna Mutual Fire Insurance Company v. Clinger, 10 Pa. Superior Ct. 92, summons was issued April 7, 1885, appearance for defendant was filed April 27, 1885, and nonpros requested January 11, 1896, was refused.

The courtesy of notice to counsel is an element to be considered. See Kibe v. Sentz, supra.

While it is true that plaintiffs were not delayed or prevented from filing their complaint by reason of the fact defendant was in the armed services of our country, it is unlikely the case would have been tried while defendant remained in the armed services unless such commitment would have been of long duration. The continuous disability of plaintiff operator of the Frey vehicle until his death more than a year after the collision, the lapse of more than one and one-half years thereafter before the grant of letters in his estate, the lack of notice to counsel for plaintiffs or his clients that an appearance had been entered on behalf of defendant and failure of defendant or his counsel to praecipe the prothonotary to enter a rule upon plaintiffs to file their complaint until after the complaint had been tendered to such counsel, are important considerations in the equities of the case. There is no evidence of abandonment of this suit on behalf of plaintiffs, nor is there such delay as would move the court to grant relief to defendant.

While defendant has averred that an important eyewitness to the collision has died, his counsel's brief states that the witness in question was another seaman from defendant's base who subsequently was assigned to a different base whereby they lost touch with each other, that defendant has heard he was killed in an accident following his discharge from the Navy, that defendant has been unable to locate him and cannot

state whether he is living or dead and, if living, where he resides.

There is no definite evidence of the death of this witness. If defendant believed this seaman's testimony to be important to him, it was his duty to ascertain his home address so that he could communicate with him when occasion dictated. It should not be too difficult for defendant to ascertain whether or not this witness is living or dead and, if living, where he can be located. If he is dead, we have no evidence that had the complaint been more promptly filed, the witness would have been alive at the time of trial.

Delays are seldom in the best interests of justice, but many times they are unavoidable. Memories become less sharp and witnesses are more difficult to locate with the passing of time, but these handicaps apply to plaintiffs and defendant as well.

The collision took place in Mifflin County. All parties to this action were residents of Mifflin County at the time. Suit was instituted in Mifflin County on February 14, 1951. Defendant moved to California in 1953. If defendant chose to move from Mifflin County to California after suit had been filed and valid service effected upon him, he cannot be heard to complain of the economic hardship and inconvenience to him to return to the site of the collision because he transferred his residence with full knowledge, imputed or express, of the fact he would be called upon to answer in court.

We accordingly make the following

### Decree

Now, August 17, 1959, rule to show cause why judgment of nonpros should not be entered is discharged. Leave is hereby granted to defendant to file a responsive pleading to plaintiffs' complaint within 20 days hereof. Exception is noted to Harry B. Thatcher, Esq., counsel for defendant.