# The Susquehanna Mutual Fire Insurance Company *v.* H. J. Clinger, Appellant.

*Practice, C. P.—Effect of defective statement and affidavit on the merits —Motion for non pros.*

Where the record disclosed a statement of claim filed and an affidavit to the merits and a rule to plead filed some ten years later, a rule of court allowing a non pros. to be entered in any action where a declaration has not been filed within two years from the first day of the term to which the action was brought, does not apply.   The fact that an amended statement was allowed to be filed does not affect the situation; if the original was defective the defendant could have tested its sufficiency, either by his affidavit or by demurrer.   Such a question is not raised by a motion for a non pros. upon the ground that no statement at all had been filed.

*Laches in prosecuting action—Review—Discretion of court.*

There is no fixed rule as to the length of delay that will prevent plaintiff's proceeding, after statement filed; it is a question of discretion controlled by the facts of the particular case, and the decision of the court below will not be reversed unless there is manifest abuse of discretion.

*Practice, C. P.—Amendment—Cause of action.*

So long as the breach of the same contract is alleged it is the same cause of action, even though in one instance it may be alleged to be a written contract and in another an oral contract, and to permit a plaintiff, under these circumstances, to amend his statement is not error.   The proposed amendment does not introduce a new cause of action because it alleges a contract in writing, whilst the original statement filed alleged an oral contract.   The test is, is the contract, for the breach of which suit is brought, the same; not, is the evidence of the contract the same.

*Charge of court—Fair and adequate statement of the issues sufficient.*

Where the contention was as to the personal liability of the defendant for certain premiums, and whether he or some one else withheld them, it is sufficient if the trial judge left the matter to the jury in a charge which presented a fair, adequate and clear statement of the issues between the parties.

Argued Feb. 15, 1899.   Appeal, No. 4, Feb. T., 1899, by defendant, from judgment of C. P. Lycoming Co., May T., 1885, No. 248, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by BEEBER, J.

Assumpsit.   Before SAVIDGE, P. J., of the 8th judicial district, specially presiding.

It appears from the record that summons assumpsit was issued April 7, 1885, to recover certain insurance premiums for which the defendant, it was alleged, was liable.   On April 27, 1885, appearance was entered for defendant "reserving all exceptions, as per paper filed."   On May 12, 1885, defendant filed an affidavit of defense to the merits.   On January 11, 1896, plaintiff filed a rule to plead.   Same day, other counsel appeared for the defendant, "reserving all exceptions as per paper filed." On the same day defendant's attorney offered a præcipe for non pros. in the above case.   Prothonotary refused to enter same, filing as a reason that a statement has been entered already, to which affidavit of defense has been filed.   On January 11, 1896, rule was granted to show cause why non pros. should not be entered in above case, upon the ground that no declaration or statement has been filed therein, and why the prothonotary should not be ordered to enter such non pros. upon the præcipe of the defendant's attorneys, as provided in the ninety-sixth rule of court, returnable February 13, 1896.   On March 28, 1896, an amended statement presented and ordered filed, and rule for judgment of non pros. discharged, and on March 31, 1896, defendant plead non assumpsit, payment and set-off. There was evidence tending to show that early in 1881, the plaintiff company appointed defendant its agent for the soliciting and placing of fire insurance risks in the vicinity of Williamsport; that defendant accepted the agency, and placed certain risks and delivered policies covering the same, and collected the premiums, amounting to some $828, and that he had failed to pay over the amount of the premiums to the company, leaving a balance due the company, less his commission of twenty-five per cent, of $621.   It was admitted that these policies were placed by defendant; that the premiums were paid by the parties, and that none of them had ever been paid over to the plaintiff.   There was evidence introduced on the part of defendant tending to show that he was not employed as agent of the defendant company, but that he was acting for the Union Insuring Company, Limited, and that the contract of agency was between the plaintiff and the Union Insuring Company, Limited, and that it was this company, acting in the capacity of broker, which placed the policies in question, collected the premiums, and failed to pay over the money.

The copy of claim filed in the case was in the following form: "Susquehanna Mutual Fire Insurance Company v. H. J. Clinger, No.  , May Term, 1885.  Harrisburg, Penna., July 28, 1884, H. J. Clinger to Susquehanna Mutual Fire Insurance Company, Dr." Here follows an itemized bill stating the premiums, policy numbers and deposits footing up $857.17, with the credits for returned premiums and commissions of $207, making the net total $621. To this was attached an affidavit of the secretary of the Susquehanna Mutual Fire Insurance Company that the foregoing account as stated against H. J. Clinger is just and true, and that there is now due and owing thereon the sum of $621 to the Susquehanna Mutual Fire Insurance Company, above named, and interest on same, and that the said insurance company never received the same, nor any part thereof, nor any person for them, by its order, consent or direction, or to its knowledge.

The amended statement was in more formal shape, claiming the same amount of money as due under a verbal contract between the plaintiff company and defendant, under which defendant was constituted the local agent for plaintiff company and set up that at divers times daily reports of the policies of said company issued by defendant were furnished by him, signed by him as agent.

Plaintiff submitted, inter alia, the following points:

The plaintiff's first and second points are affirmed.

1. If you find that H. J. Clinger was the agent of the Susquehanna Mutual Fire Insurance Company, and the said company dealt with him as such, he had no right to pass his agency over to the Union Insuring Company without the knowledge and consent of said company. (And by the said company is meant the Susquehanna Mutual Fire Insurance Company.) And if he did so do, the presumption is that the Union Insuring Company was acting for H. J. Clinger, and not for said insurance company, and Mr. Clinger is not relieved of his personal responsibility to the company.

[2. If you believe that H. J. Clinger was appointed agent of the company for the purpose of obtaining risks, receiving the premiums, and reporting all policies issued by him, and that upon receipt of said reports the premiums were to be charged to Mr. Clinger, and that he should make remittance for such

business at stated intervals, it can make no difference in this case whether the said Clinger shall be regarded as a broker or as an agent.] [9]

Defendant submitted, inter alia, the following point:

[10. If the jury believe from the evidence that all of the premiums sought to be recovered in this action were collected by and paid to the Union Insuring Company, Limited, a partnership association, limited, formed under the act of June 2, 1874, and its supplements, and that no part of the same was ever received by the defendant, then their verdict should be for the defendant. *Answer:* Affirmed, provided you find the said company was acting for the plaintiff and not for the defendant.] [15]

The court charged the jury in part as follows:

[The policies were what is known in insurance parlance as office policies. That is to say, they were signed and executed at the office of the company, furnished to Mr. Clinger in blank, and did not need to be signed by him as the agent of the company. It is admitted that these policies, aggregating, if I am correct in my count, some forty-two, were placed by Mr. Clinger.] [6] . . . .

[Now it seems to me, gentlemen, that the first question of fact for you to determine in this case will be just that question: Was this arrangement, this contract, this relationship of principal and agent, between the Susquehanna Mutual Fire Insurance Company and Mr. Clinger, this defendant, or was it between the Susquehanna Mutual Fire Insurance Company and the Union Insuring Company, Limited? If it was between the plaintiff and this defendant, Clinger, then, in my judgment, the plaintiff is entitled to recover in this case.] [7] . . . .

[But I say to you right here, in a few words, that it makes no difference, in my judgment, whether the contract was one of agency or brokerage. It is not a question arising between the parties insured and the Susquehanna Mutual Fire Insurance Company, wherein it might become very material to know whether Mr. Clinger or the Union Insuring Company, Limited, whichever was the party doing this business, was a broker or an agent; but it is a question arising between the principal and the agent or broker, whichever might have been created, and

for the purpose of this case, it makes no difference whether Mr.
Clinger was a broker or an agent; or whether the Union Insur-
ing Company, Limited, if you find that to be the party with
whom the relationship or contract existed, was a broker or an
agent.   The question is, with which party did this relationship
exist, or was this contract made?] [8]

Verdict and judgment for plaintiff for $957.41.   Defendant
appealed.

*Errors assigned* among others were (3) in not entering a non
pros. on the ground that no declaration or statement had been
filed within two years from the first day of the term to which
the action was brought.   (4) In permitting plaintiff to file the
amended statement of March 28, 1896.   (6–8) To portions of
the judge's charge, reciting same.   (9) Answer to plaintiff's
second point, reciting point and answer.   (15) Answer to de-
fendant's tenth point, reciting point and answer.   (17) In refus-
ing binding instructions for defendant.

*T. M. B. Hicks*, with him *W. H. Spencer*, for appellant.—In
a statement under the Act of March 21, 1806, 4 Sm. L. 326, "the
terms must doubtless be set forth in an intelligible manner, for
it would not else appear that there is an available cause of ac-
tion:" Snevely v. Jones, 9 Watts, 433; "but, although the act
was evidently designed to do away with form, yet substance
cannot be altogether disregarded when the party pursues this
remedy:" Camp v. Bank, 10 Watts, 130; "its object is to in-
form the defendant of the nature of the plaintiff's demand:"
Purviance v. Dryden, 3 S. & R. 402; "it was intended that the
statement, substituted for this string of counts, should inform
the defendant whether the demand was a promise express or im-
plied, a book account, a note or specialty, or how many of them,
the date and amount of each:" Graff v. Graybill, 1 Watts, 428.

One could but guess whether this "copy of claim" was in-
tended to be a statement to recover upon a book account.   If
he should guess that it was so intended, then he would see at
once that it was not such a book account as could be the basis
for an action.   The only purposes for which books of original
entry are available are to sustain actions for work and labor
done, and for goods and merchandise sold and delivered.   Books

of original entry are not admissible to prove the services of a notary public: Harbison v. Hawkins, 81 *Pa. 142; nor the services of a lawyer: Hale v. Ard, 48 Pa. 22; nor to establish cash items or commissions for sale of real estate: Fenn v. Early, 113 Pa. 264, 269; nor performance of a special parol contract: Eshleman v. Harnish, 76 Pa. 97; nor shipment of goods on commission: Murphy v. Cress, 2 Wharton, 33; nor anything else save work and labor done, and goods and merchandise sold and delivered in the ordinary course of business: Corr v. Sellers, 100 Pa. 169; Stuckslager v. Neel, 123 Pa. 53. The very book entries of which this "copy of claim" is a copy, were on the trial of the case at bar ruled out as incompetent evidence against the defendant for any-purpose.

If, however, this " copy of claim " was a statement, then the new or amended statement of March 28, 1896, filed eleven years after the action was brought and sixteen years after the cause of action set out in the new statement arose, introduced a new cause of action which was barred by the statute of limitations, and it was error to permit it to be filed, or to permit the plaintiff to recover upon it after it was filed.

The criterion as to whether an amendment introduces a new cause of action is laid down by Mr. Justice SHARSWOOD, delivering the opinion of the Supreme Court, in Wilhelm's Appeal, 79 Pa. 120.

A new cause of action, or one barred by the statute of limitations, cannot be introduced by amendment; even when such amendment is allowed without objection, the court is bound subsequently to declare the effect of it; and no recovery will be permitted upon it, even though the statute was not pleaded: Wright v. Hart, 44 Pa. 454; Tyrrill v. Lamb, 96 Pa. 464; Kaul v. Lawrence, 73 Pa. 410; Kille v. Ege, 82 Pa. 102; Leeds v. Lockwood, 84 Pa. 70; Grier v. Assurance Co., 183 Pa. 334; Furst v. Building Assn., 128 Pa. 183; Fairchild v. Furnace Co., 128 Pa. 485; Walls v. Walls, 170 Pa. 48.

While recognizing that ordinarily the refusal of a non pros. and the application of its rules lie in the sound discretion of the lower court, yet we contend, with all due respect to the learned court below, that the action of that court in the matter at bar was an abuse of its discretion, and its nonapplication of the rule in question manifestly erroneous and materially injuri-

ous to the rights of the defendant. The decisions all recognize the duty of the appellate court to reverse in such circumstances : Higgins Carpet Co. v. Latimer, 165 Pa. 617 ; Waring v. R. R. Co., 176 Pa. 172; Rentzheimer v. Bush, 2 Pa. 88 ; Gannon v. Fritz, 79 Pa. 303; Brennan's Estate, 65 Pa. 16; Schrimpton v. Bertolet, 155 Pa. 638; McDermott v. Woods, 147 Pa. 356 ; Bank v. Henning, 171 Pa. 399.

The remaining specifications of error complain of the following matters in the charge of the court:

In the sixth specification the court told the jury that it was admitted that Mr. Clinger, the defendant, had placed all the policies in controversy. There not only was no such admission, but on the contrary the defendant at all times strenuously contended that all of these policies had been placed by the Union Insuring Company, Limited. This was a vital point of the defense; and the learned court might as well have told the jury that the defendant admitted his liability. This was error : Branson v. Kitchenman, 148 Pa. 541; Cole v. High, 173 Pa. 590.

In the other specifications the court left to the jury to find whether the Union Insuring Company, Limited, which by the uncontradicted testimony had placed the policies and collected the premiums (which it was claimed it had returned to the insured), was acting in these matters for or as the agent of the defendant; and further held that if the jury so found, then the defendant would be liable for the premiums collected by that company even though he never received any of them.

The burden of proof is upon the one affirming the relation (of agency), and the courts generally require the proof to be clear and specific : 1 Am. & Eng. Ency. of Law (2d ed.), 968, and authorities there cited.

It is error to submit to the jury a supposable state of facts, of which there is no proof: Haines v. Stouffer, 10 Pa. 363; s. c., 13 Pa. 541.

*James B. Krause,* for appellee.—Attorneys for the company at the time of bringing suit, filed the original statement of claim, which set forth in clear and unmistakable terms, under oath, all the essentials of the plaintiff's cause of action, under the law, and the then uniform practice in the courts of Lycoming county, in cases involving ordinarily the right to money. The account

sets forth with what the defendant is charged, the day and date, the cost thereof, gives proper credits, and shows the amount claimed, and that defendant is indebted for the same, etc.: Lomis v. Ruetter, 9 Watts, 516.

The act of 1806 did not oblige the plaintiff to disclose his case in a statement, with the same nicety and precision of averment, as was required in a declaration, for that would defeat the very purpose of the statute: Boyd v. Gordon, 6 S. & R. 53. The object is merely to inform the defendant with reasonable accuracy of the nature and extent of the plaintiff's claim: Purviance v. Dryden, 3 S. & R. 402.

The judgment discharging the rule to non pros. was within the power and discretion of the court below, and it will not be reviewed: Waring v. P. R. R. Co., 176 Pa. 172.

If the original declaration in this case sets forth a cause of action it is no other than that subsequently introduced by the amplified amendment. Both are for premiums, for amounts, and for policies which are identical.

In such case we ought not to send the record back for amendments to the bill, but should in this court consider that as done which ought to have been done. See Shamokin Valley & P. R. R. Co. v. Malone, 85 Pa. 25, 37, Trainor v. P. & R. R. Co., 137 Pa. 148, Danzeisen's Appeal, 73 Pa. 65, Chapin v. Cambria Iron Co., 145 Pa. 478, and Hagar v. Donaldson, 154 Pa. 242.

Where a plaintiff's statement is deemed insufficient, it should be demurred to; a trial on the merits cures the defects: Eckert v. Schock, 155 Pa. 530. After a fair trial, a verdict will not be interfered with because of any technical want of accuracy in the manner of stating the claim: Hagar v. Donaldson, 154 Pa. 242.

It is true this case was pending a long time, about eleven years, but there was cause for delay.

The plaintiffs were nonresidents. The local attorneys were Hon. J. J. Metzger, who was elected president judge, and his son, ex-Senator V. H. Metzger, died. The defendant, as a resident, was ever present on the scene, and had every opportunity to speed the case, either by demurring or pleading. He did nothing until the rule to plead issued.

OPINION BY BEEBER, J., March 23, 1899:

On April 7, 1885, the plaintiff issued a summons in assump-

sit against defendant, returnable April 27, 1885, and on the same day in which the writ issued it filed what purported to be a copy of its claim. On April 27, the return day of the writ, two counsel entered their appearance for the defendant. On May 12, 1885, defendant filed his affidavit of defense to the whole of the plaintiff's claim in which he said that he was not indebted to the plaintiff in any amount whatever "and that the premiums which make up the statement of claim were never received by him." Nothing further was done of record by either party until about ten years and nearly eight months afterward when, on January 7, 1896, plaintiff entered a rule on defendant to plead in five days. On January 11, defendant's counsel went to the prothonotary's office and filed a præcipe for a non pros. under the 96th Rule of court, allowing a non pros. to be entered in any action in which no declaration or statement had been filed within two years from the first day of the term to which the action was brought, but the prothonotary refused " to enter same for reason that a statement has been entered already, to which affidavit of defense has been filed." On the same day a rule to show cause why a non pros. should not be entered was obtained from the court. On March 28, an amended statement was presented and ordered filed, and the rule to show cause was discharged. The case then proceeded in the usual way until a trial was had when on November 26, a verdict was returned for plaintiff for the amount of its claim with interest less some small credits not necessary to mention.

The first copy of claim filed by plaintiff, to which defendant filed an affidavit of defense upon the merits, consisted of an itemized bill setting forth that defendant was indebted to plaintiff for the premiums therein set forth upon certain numbered policies of certain specified dates, to which was appended an affidavit of the plaintiff's secretary, saying that the account was just and true, and that the amount therein named was due and owing to the plaintiff. The amended statement of claim which plaintiff was allowed to file consisted of a statement of the contract between the parties by which defendant became the agent of the plaintiff for placing policies and collecting premiums, alleged that plaintiff, in pursuance of this contract, received from defendant reports of policies issued by defendant, charged him with the premiums upon these policies, and then

attached a copy of this account for premiums which was exactly the same as the one constituting the copy of claim first filed.

The first five and the twelfth, thirteenth and seventeenth specifications of error complain of the court below because it refused to enter a non pros. and allowed the amended statement to be filed. It is very clear to us that the rule of court relied on to justify the entry of a non pros. was not intended to apply to a case with the record as it was in this case. It applies where there has been no declaration or statement filed. A defendant who had already filed an affidavit of defense to a statement, even though it may be a defective statement, was hardly in a position to allege that no declaration or statement had been filed. If he had wished to raise the question as to the sufficiency of the statement he could have easily done so either by his affidavit of defense or by a demurrer. Such a question is not raised by a motion for a non pros. upon the ground that no statement at all had been filed. Clearly the court was right in refusing to enter the non pros. Nor can there be any valid objection because the court allowed the amended statement to be filed. The act of March 21, 1806, allows amendments to be made at any time before trial. Of course an amendment that introduces a new cause of action cannot be allowed. We do not think the amended statement in this case violated this rule. The cause of action in this case was the failure of the defendant to comply with an express or implied promise to pay over these premiums. In each statement filed the same premiums were demanded. Whilst a declaration upon one bond or note cannot be amended by adding a count upon another, a count upon the original consideration of a contract may be amended by adding a count upon any note or bond given for it. Until recently it was quite common to include in one declaration a count for goods sold and delivered and a count upon a promissory note given for the same goods, and it was never successfully contended that such a declaration contained different causes of action. So long as the breach of the same contract is alleged it is the same cause of action even though in one instance it may be alleged to be a written contract, and in another an oral contract. So long as the plaintiff in this case sued to recover the same premiums in each of his statements so long was he suing for the same cause of action.

Much of the confusion that has resulted in considering this question as to whether a proposed amendment introduces a new cause of action is due to the fact that the difference between the contract and the evidence of it has not always been kept in mind. A contract may be in writing or by parol, and yet it cannot accurately be said that either the writing or the words of mouth are the contract. They are only the evidence of it. Therefore, we have not proved that a proposed amendment introduces a new cause of action when we show that it alleges a contract in writing whilst the original statement filed alleged a parol contract. The test is, is the contract, for breach of which suit is brought, the same, not, is the evidence of the contract the same : Cunningham v. Day, 2 S. & R. 1; Coxe v. Tilghman, 1 Wh. 282; McAdam v. Orr, 4 W. &. S. 550; Wilhelm's Appeal, 79 Pa. 120.

It is to be observed, furthermore, that plaintiff was lulled to sleep as to the sufficiency of its statement by the fact that defendant, with counsel of record, had filed an affidavit of defense in which no intimation whatever is found as to the insufficiency of the claim in form. It was not until more than ten years afterwards, and then only when ruled to plead that defendant discovered that the statement of claim was insufficient. Within a reasonable time after defendant's first objection as to the form of the statement he was furnished with a new one. The fact that the case was not proceeded with during that ten years, so far as we can discover, was no more the fault of the plaintiff than of the defendant. Each had it in his power to speed the action at any time. There is no fixed rule as to the length of delay that will prevent plaintiffs proceeding. It is a question of discretion controlled by the facts of the particular case, and the decision of the court below will not be reversed unless there is a manifest abuse of discretion. If we are compelled to say anything on this subject, we would say that from an examination of the evidence and from the verdict of the jury, we would consider it a grave injustice to the plaintiff had it not been permitted to submit its evidence to a jury.

The sixth specification of error complains because the learned judge erred in telling the jury that it was admitted that the policies were placed by the defendant. Taking this language complained of in connection with the other part of the charge

where it was explained to the jury that defendant's contention was that these policies were placed and premiums collected by the Union Insuring Company, Limited, we do not think any harm was done to the defendant. The jury could not have understood the court to say that defendant admitted his liability. The evidence conclusively shows that there was no question as to the policies having been issued and premiums collected, and the charge of the court, taken as a whole, could not possibly be understood as meaning to instruct the jury that defendant had admitted any personal liability. There is no merit in this specification.

The remaining specifications of error in substance complain of the court's instructions upon the question of the liability of the defendant or of the Union Insuring Company, Limited. The defendant's contention was that he was not personally liable because these premiums were collected by the Union Insuring Company, Limited, that the contract was between the plaintiff and this company, and that if any one was liable it was this company. To meet this contention of the defendant the court clearly pointed out to the jury what was the evidence on this subject. The court in substance told the jury that if the contract was between plaintiff and defendant, plaintiff could recover, but that if it was between plaintiff and this other company, then plaintiff could not recover. Whether defendant was agent or broker, or Union Insuring Company, Limited, was agent or broker, was of no importance in this issue. The question was whether defendant or some one else withheld premiums due. The jury found that defendant withheld them. It is of no importance whether he withheld them as agent, or as broker. We are of opinion that the charge of the court was a fair, adequate, and clear statement of the issues between the parties. Upon evidence satisfactory to us from a careful reading of it, and evidently satisfactory to the court below from having heard it, the jury found for plaintiff. There was no mistake in law made and therefore judgment is affirmed.