## Wingert et al. *v.* Anderson et al.

Argued September 29, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Raymond E. Brown,* with him *Matthew A. Crawford,* for appellant, W. Wakefield Corbet.—When neither party makes a move for a long time, there is a presumption that the dispute has been settled. A judgment of non pros. should have been entered: Waring Bros. v. R. R., 176 Pa. 172; Huffman v. Stiger, 1 Pitts. L. J. 185; Neel v. McElhenny, 189 Pa. 489; Stewart v. Phila., 240 Pa. 569; Edwards v. R. R., 268 Pa. 228; Farr v. Coal Co., 10 Pa. D. & C. 47.

*W. N. Conrad,* for appellant, Josephine Beach, executrix.—Where a plaintiff suffers a pending suit to remain without action on his part for many years, it might be treated as abandoned and a non pros. entered, unless the laches be satisfactorily explained: Potter T. & T. Co. v. Frank, 298 Pa. 141; Waring Brothers v. R. R., 176 Pa. 172; Van Loon v. Smith, 103 Pa. 238; Goggins v. Risley, 13 Pa. Superior Ct. 316.

A misapprehension of the law by the lower court resulting in a decree based upon a mistaken theory is reversible error: English's License, 59 Pa. Superior Ct. 621, 630.

The reasons of the lower court for refusing a non pros. are reviewable: Simmons-Boardman P. Co. v. American Boron P. Co., 282 Pa. 521.

*H. A. Heilman,* with him *Chas. J. Margiotti,* for appellee.—Where the delay consists in not moving for trial, it is chargeable alike to both parties, and therefore neither can impute laches to the other: Ward v. Patterson, 46 Pa. 372.

Under the facts in the present case, a non pros. was properly refused: Bryan v. Zimmerly, 16 Pa. C. C. 564; Murphy v. Trust Co., 103 Pa. 379; Waring v. R. R., 176 Pa. 172; Hillside Coal Co. v. Heermans, 191 Pa. 116; Forrest v. Transit Co., 261 Pa. 383.

The granting of a non pros. is within the discretion of the lower court and will not be reviewed: Forrest v. Transit Co., 261 Pa. 383; Waring v. R. R., 176 Pa. 172.

OPINION BY MR. JUSTICE LINN, November 28, 1932:

This appeal is from an order discharging a rule to show cause why judgment of non pros. should not be entered in this action of assumpsit for want of prosecution. As the order is discretionary, we inquire only whether there has been abuse of discretion, and as the elements generally to be considered in such review were recently

stated in Potter Title, etc., Co. v. Frank, 298 Pa. 137, 148 A. 50, we need not again repeat them.

The suit was brought in 1913 against three defendants, Anderson, Beach and Corbet. The docket entries show that the case was actively litigated until 1916. In January that year, one of the defendants, Charles Corbet, who had been acting as counsel for the defendants, became judge of the court of common pleas in which the suit was pending. In March, 1916, plaintiff applied to Judge CORBET to have the case heard by a disinterested judge pursuant to the Act of April 22, 1856, P. L. 500. He held the petition three months and then refused it. On September 28, 1916, he reconsidered the subject, revoked his order, and directed that the case be tried by Judge SLOAN of Clarion County. In October, 1919, defendant moved to strike off plaintiff's amended statement of claim, and a rule to show cause was granted. In August, 1927, present counsel for the use-plaintiff entered his appearance. After Judge CORBET's death, the plaintiff, in June, 1928, issued a sci. fa. to bring in the executrix of the decedent, Corbet, and in October, 1928, an order was made as prayed for. An appeal to this court was taken, but was nonprossed. Beach another defendant, died October 17, 1926. Anderson, the third defendant, died August 7, 1930. Judge SLOAN died without disposing of the case. In 1928, the use-plaintiff was required to take proceedings to compel the register of wills to designate a personal representative of the estate of the defendant Beach, deceased, so that substitution might be made for the decedent. An unsuccessful appeal from the order made in that proceeding was brought to this court by the respondent, and is reported as Beach's Est., 299 Pa. 293, 149 A. 492. On the return of the record, the executrix was substituted and appeared. The administratrix of Anderson was also brought in. In July, 1931, motions to non pros. for want of prosecution were filed by defendants; depositions were taken, and

May 7, 1932, the rules were discharged and those appeals were taken.

The suit is for damages for breach of contract. In a well considered opinion, the learned trial judge found that "failure to have this cause tried is largely attributable to those efforts [of defendants] so that if harm comes to the estates of the original defendants by reason of delay, the fault is to a great extent of their own procurement"; that "the plaintiff was in no way responsible for the delay occasioned by the death of Judge SLOAN or the omission to have the matter placed in the hands of his successor or some other legally qualified judge." The court also refers to the facts that when plaintiffs sought to substitute as parties-defendant the personal representative of the deceased defendants, Beach and Corbet, defendants resisted to the extent of unsuccessful appeals to this court. There is evidence to support these and other findings made, and we accept them.

At the argument, in response to inquiry from the court whether the order assigned for error was appealable at this stage, both parties joined in a request that it be so considered in the peculiar circumstances presented.

We find no abuse of discretion.

Order affirmed.