609 A.2d 189

**Donald A. GROOMES**

**v.**

**James R. GAUT, Trustee Durate Absentia for Ada Jane Groomes, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1992.

Filed May 18, 1992.

David R. Gold, and James E. Whelton, Jr., Greensburg, for appellant.

Henry A. Hudson, Jr., Greensburg, for appellee.

Before ROWLEY, President Judge, and CIRILLO and BROSKY, JJ.

BROSKY, Judge.

James R. Gaut, trustee *durante absentia* for Ada Jane Groomes, appeals from the October 17, 1991 trial court order.[1]

Appellant's statement of questions involved is as follows:

1. May a court-appointed Trustee Durante Absentia for a missing wife proceed to obtain a divorce on behalf of the missing wife in a divorce action initiated by the husband on the grounds of an irretrievably broken marriage where the parties have been separated in excess of

---

1. The order stated, "And now, to wit, this 17th day of October, 1991, after consideration of the Motion for Certification of Order, it is hereby Ordered and Decreed that the Order of this Court dated August 27, 1991 and the Order of this Court dated October 1, 1991 denying Motion for Reconsideration is hereby amended to certify that the above orders involve a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the above orders may materially advance the ultimate termination of the matter." The trial court was certifying the prior orders pursuant to 42 Pa.C.S. § 702(b).

The August 27, 1991 order stated, "It is Ordered ... that the Preliminary objections filed on behalf of Donald Groomes in the form of a Petition to Dismiss or Strike an Affidavit filed by James R. Gaut, Esquire, Trustee of Ada Jane Groomes, the above named defendant, under Section 201(d) of the Divorce Code, is granted and the 201(d) Affidavit is dismissed and ordered stricken off the record."

The October 1, 1991 order stated, "[A]fter consideration of the Motion for Reconsideration, It is ... Ordered ... that the Order ... of September 24, 1991 is hereby vacated. The Order ... of August 27, 1991 is reinstated and the Motion for Reconsideration is hereby denied."

five years and the wife has filed a counterclaim for a divorce on the grounds of an irretrievably broken marriage?

2. Whether a court-appointed Trustee Durante Absentia for a missing wife is permitted to obtain a no-fault divorce under the Divorce Code where the missing wife filed a counterclaim for divorce prior to her disappearance, the grounds for the divorce are clear and uncontested, and the divorce decree is a necessary legal prerequisite to the Trustee's fulfilling the statutorily imposed duties of his office of collecting and preserving the assets of the missing wife, including the missing wife's share of the substantial marital assets?

3. Whether the requirements of the Divorce Code are satisfied when an affidavit comporting with the criteria enumerated in former 23 P.S. § 201(d), now 23 Pa.C.S.A. § 3301(d), and the applicable mandates of Pennsylvania Rule of Civil Procedure 1920.42 is filed by the court-appointed Trustee Durante Absentia on behalf of the counterclaim plaintiff in the action, such that the affidavit should not be dismissed or struck off?

4. Whether appellant, as a court-appointed Trustee Durante Absentia for a missing wife in a divorce action initiated by the husband, is deprived of due process of law or equal protection of law as guaranteed by the Constitutions of the United States and of the Commonwealth of Pennsylvania when he is not permitted to proceed and obtain a divorce on behalf of the missing wife and when the husband enjoys the present ability to obtain a divorce despite the absence of the missing wife?

Appellant's Brief at 3. We affirm the order of the trial court.

A brief review of the facts and procedural posture of the instant case is necessary. Donald Groomes ("husband") and Ada Jane Groomes ("wife") were married on July 15, 1953 and separated on April 2, 1986. On June 5, 1986 husband filed a complaint in divorce, alleging that the marriage was irretrievably broken. On September 21, 1987

the trial court issued an order directing that, "Neither [husband] nor [wife] shall hereafter sell or encumber any marital asset." On September 6, 1988 wife filed an answer and counterclaim, admitting that the marriage was irretrievably broken and seeking a divorce on the grounds that the marriage was irretrievably broken and indignities. On October 7, 1988 the whereabouts of wife became unknown and have remained so at the time of this writing. The four children of husband and wife filed a petition for the appointment of a trustee for wife. On February 1, 1989 the trial court appointed James R. Gaut, Esquire ("trustee") as trustee *durante absentia* for wife.

On August 17, 1989 a substitution of record was entered; trustee, as trustee *durante absentia*, was substituted for wife regarding the divorce action and counterclaim. Trustee filed an inventory regarding wife's estate. The inventory expressly noted the pending divorce litigation as well as the assets held jointly by husband and wife. The inventory indicated that there was approximately $1,000,000 worth of real and personal property involved; a portion was held as tenants by the entireties and a portion was titled solely in husband's name. On July 31, 1990 trustee filed a petition for permission to sell motor vehicles belonging to wife. Husband filed preliminary objections and they were dismissed by the trial court, which stated that jurisdiction over permission to sell the vehicles was vested in the Orphans Court Division of the Court of Common Pleas of Westmoreland County. Husband appealed to this Court. On February 12, 1991 our Court quashed the appeal as interlocutory. *Groomes v. Groomes*, No. 01909 Pittsburgh 1990.

On January 11, 1991 the trustee filed, on behalf of wife, an Affidavit Under Section 201(d) of the Divorce Code.[2] The trustee sought, on wife's behalf, the eventual grant of a divorce. On January 25, 1991 husband filed preliminary objections in the nature of a petition to dismiss or strike the

2. 23 Pa.C.S. § 201 was subsequently repealed and the current statutory provision dealing with the irretrievable breakdown of a marriage is found at 23 Pa.C.S. § 3301(d).

trustee's affidavit. On August 27, 1991 the trial court issued an order granting husband's petition to dismiss the trustee's affidavit. The instant appeal subsequently followed. Our Court granted permission to appeal based upon the trial court's certification, pursuant to 42 Pa.C.S. § 702(b), of the issue regarding whether or not trustee had authority to obtain a divorce on behalf of absentee-wife.

■ Trustee's first claim is that the trial court erred in finding that trustee was not entitled to proceed to obtain a divorce on behalf of absentee-wife. Trustee cited to several sections of the Decedents, Estates and Fiduciaries Act, 20 Pa.C.S. §§ 101 *et seq.* The sections cited by trustee are as follows.

20 Pa.C.S. § 5702(a) states that when a person disappears and is absent from her last known place of residence, and the absentee's property requires protection, the trial court may appoint a trustee to take charge of her estate. "[E]xcept as otherwise expressly provided, [the trustee] shall have the same powers, duties and liabilities in the administration of the absentee's real and personal estate as are provided in Chapter 51 of the code [Section 5101 *et seq.*] (relating to minors). ... He shall not have the power to sell or dispose of any asset of the estate or to enter into any lease without prior court approval." 20 Pa.C.S. § 5702(b). 20 Pa.C.S. § 5141, relating to minors, states,

The guardian of the estate of a minor ... shall have the right to take possession of, maintain and administer, each real and personal asset of the minor ... and also have the right to maintain any action with respect to such real or personal property of the minor.

*Id.* 20 Pa.C.S. § 5144, relating to minors, states,

The provisions concerning the powers, duties and liabilities of a guardian appointed by the court shall be the same as those set forth in this code for the administration of a decedent's estate, with regard to the following:

. . . .

(10) Compromise of controversies, as in section 3323 (relating to compromise of controversies).

. . . .

(15) Inherent powers and duties, as in section 3332 (relating to inherent powers and duties).

*Id.* 20 Pa.C.S. § 3323 states, in pertinent part,

(a) In general.—Whenever it shall be proposed to compromise or settle any claim, whether in suit or not, by or against an estate, . . . or any other controversy affecting any estate, the court, on petition by the personal representative or by any party in interest setting forth all the fact and circumstances, . . . may enter a decree authorizing the compromise or settlement to be made.

(b) Pending court action.—

(1) Court order. Whenever it is desired to compromise or settle an action in which damages are sought to be recovered on behalf of an estate, any court or division thereof in which such action is pending and which has jurisdiction thereof may, . . . upon petition by the personal representative of such decedent, make an order approving such compromise or settlement.

*Id.* at § 3323(a)(b). 20 Pa.C.S. § 3332 states, "Except as otherwise provided in this code, nothing in this code shall be construed to limit the inherent powers and duties of a personal representative."

Our review of these statutes reveals no authority permitting trustee, as trustee *durante absentia* for wife, to proceed with wife's counterclaim in divorce. Trustee also cited *Syno v. Syno,* 406 Pa.Super. 218, 594 A.2d 307 (1991), which held that a person who had been adjudicated incompetent could prosecute a divorce only by means of a guardian or guardian *ad litem.* *Syno* also held that the incompetent had to be "capable of exercising reasonable judgment as to personal decisions, [must have] understood the nature of the action and [was] able to express unequivocally a desire to dissolve the marriage." *Id.,* 406 Pa.Superior Ct. at 226, 594 A.2d at 311. Further, the incompetent had to be found "competent" to testify and able to verify the statements

made in her complaint or counterclaim. *Id. Syno* is simply not supportive of the position taken by trustee in the instant case. Analogizing this case to *Syno*, the trial court in the instant case would have had to determine if wife, at the present time and not only in 1988 when she filed her counterclaim in divorce, unequivocally desired to obtain a divorce from husband. Testimony from the trustee regarding wife's state of mind would have been unacceptable; hence, the trustee *durante absentia* was not entitled to proceeded with wife's counterclaim in divorce.

We further affirm this issue based upon the August 27, 1991 trial court opinion, at pages 1–8, of the Honorable Charles E. Marker of the Court of Common Pleas of Westmoreland County.

Trustee's second claim is that the trial court erred in failing to permit trustee, while acting in his capacity of trustee *durante absentia* for wife, to obtain a divorce decree, on wife's behalf, pursuant to wife's counterclaim in divorce; trustee avers that unless a divorce is granted, he can not "satisfy the statutorily mandated duties of his office as trustee *durante absentia* for" wife. Appellant's Brief at 18. Trustee cited 20 Pa.C.S. §§ 5702(b), 5141, which were discussed in issue number one.

20 Pa.C.S. § 5702(b) grants to a trustee "the same powers, duties and liabilities in the administration of the absentee's real and personal estate as are provided in Chapter 51 of the code [Section 5101 *et seq.*] (relating to minors)." 20 Pa.C.S. § 5141, relating to minors, gives the guardian of the estate of a minor "the right to take possession of, maintain and administer, each real and personal asset of the minor." Trustee avers that he can not take possession of the assets of absentee-wife since a decree has not been entered divorcing husband and wife and there has not been an equitable distribution of the marital property.

While trustee may not be able to take possession of, maintain and administer wife's real and personal assets since a divorce has not been granted, he has cited no authority to substantiate his claim that as trustee *durante*

*absentia* he can obtain a divorce on absentee-wife's behalf (*See* issue number one). Our Court can not grant to trustee the means to take possession of wife's assets when the path he has chosen is not sanctioned by Pennsylvania statutes or caselaw.[3] Therefore, this claim is without merit.

Trustee's third claim is that the trial court erred in dismissing the trustee *durante absentia's* Affidavit Under Section 201(d)[4] of the Divorce Code since

> the requirements of the Divorce Code[5] are satisfied when an affidavit comporting with the criteria enumerated in former 23 P.S. § 201(d), now 23 Pa.C.S.A. § 3301(d), and the applicable mandates of Pennsylvania Rule of Civil Procedure 1920.42 is filed by the court[-]appointed trustee *durante absentia* on behalf of the counterclaim plaintiff [absentee-wife].

Appellant's Brief at 21.

Even if the language employed in the body of the affidavit comported with the requirements of the Divorce Code and Pennsylvania Rules of Civil Procedure the trustee *durante absentia* was still without authority to proceed with absentee-wife's counterclaim in divorce (*See* issue number one). The wrong person authorized and signed the affidavit; in the circumstances surrounding the instant case wife, rather than trustee, should have been the person who was responsible for the contents of and signed the affidavit. Therefore, this claim is without merit.

Trustee's fourth claim, which was never raised before the

**3.** If in the future a determination is made that absentee-wife is deceased then the instant divorce action will abate since subsequent to her death there would be no marital relationship to dissolve. *Reese v. Reese,* 351 Pa.Super. 521, 506 A.2d 471 (1986); *Haviland v. Haviland,* 333 Pa.Super. 162, 481 A.2d 1355 (1984). As the trial court noted, at that time the probate of wife's estate would "proceed in accordance with the Orphans Court Rules and Statutes governing the estates of decedents." Trial Court Opinion, 8/27/91, at 7.

**4.** As mentioned, *supra,* § 201 has been repealed and replaced with 23 Pa.C.S. § 3301.

**5.** 23 Pa.C.S. §§ 3101 *et seq.*

trial court,[6] is that he has been "deprived of due process of law or equal protection of law as guaranteed by the Constitutions of the United States and of the Commonwealth of Pennsylvania" since "he is not permitted to proceed and obtain a divorce on behalf of" wife, yet "husband enjoys the present ability to obtain a divorce despite the absence of the missing wife." Appellant's brief at 25. Trustee avers that while the trial court denied the Section 201(d) Affidavit filed by trustee on behalf of wife, the trial court "could not deny husband the right to proceed and obtain a divorce from the absentee on the same ground and under the same statute." *Id.* at 26.

■ The interlocutory order appealed from in the instant case was certified by the trial court under 42 Pa.C.S. § 702(b). This Court has no discretion to hear an appeal from an interlocutory order which has not been authorized by law or certified pursuant to 42 Pa.C.S. § 702(b). *Gingold v. Audi–NSU–Auto Union, A.G.,* 389 Pa.Super. 328, 567 A.2d 312 (1990).

> Pursuant to section 702(b), the trial court must certify that its interlocutory order presented a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the matter." 42 Pa.Con.Stat.Ann. § 702(b). The permission of appeal from a certified order rests in the appellate court's discretion.

*Gingold v. Audi–NSU–Auto Union, A.G., supra,* 389 Pa.Superior Ct. at 364, 567 A.2d at 331.

In the instant case our Court granted permission to appeal based upon the trial court's October 17, 1991 order. The October 17, 1991 order made reference to the trial court's October 1, 1991 order and its August 27, 1991 order. *See* page one, n. 1 of this opinion. The substance of the aforementioned orders was that the trial court determined

---

**6.** The issue was not included in trustee's September 20, 1991 Motion for Reconsideration, his September 20, 1991 Motion for Certification of Order or his Petition for Permission to Appeal to this Court.

that trustee had no authority to obtain a divorce on behalf of absentee-wife. Hence, this is the issue that the trial court certified under 42 Pa.C.S. § 702(b) and this is the issue that our Court determined would be addressed in the instant appeal.

Trustee's fourth claim, that his due process and equal protection rights have been violated since he can not proceed with the divorce action but husband *theoretically* could, was not raised in his Petition for Permission to Appeal to this Court and was not raised or alluded to in the order on which this appeal is based. Therefore, this Court's order granting the Petition for Permission to Appeal does not permit review of trustee's fourth claim. *Gingold v. Audi–NSU–Auto Union, A.G., supra.*

Arguendo, even if trustee's fourth claim were properly before this Court we would have found that no cognizable issue existed. Trustee is referring to a multi-hypothetical situation: (a) If husband decided at some future time to proceed with his divorce action, (b) the trial court would permit husband's action to proceed. Neither conjectural situation occurred and the trial court did not theorize regarding what action it would take if husband decided to proceed with his divorce action. No controversy exists; therefore, there is no issue for this Court to address.

In conclusion, we find that the trial court correctly determined that trustee had no authority to proceed with wife's counterclaim in divorce and we affirm the order of the trial court.

Order affirmed.