686 A.2d 412

**Bryan K. HERB, Linda E. Szuler and Stanley Szuler, Appellees,**

**v.**

**Paul A. SNYDER, Jr., Paul A. Snyder, Sr., and Patricia Snyder, Cash & Carry Beverages, Inc., Leonard J. Marchinski, Co–Principal and/or Owner of Cash & Carry Beverages, Inc., and Christy Venna, Co–Principal and/or Owner of Cash & Carry Beverages, Inc., Our Lads Beverage & Soda Distributors and Thomas J. Gallagher t/d/b/a Our Lads Beverage & Soda Distributors, Appellants.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1996.

Filed Dec. 9, 1996.

Ralph H. Schwalm, Valley View, and Charles A. Bressi, Jr., Pottsville, for Our Lads and Gallagher, appellants.

Robert P. Wilkison, Sunbury, for Snyder, appellants.

Jack C. Younkin, Shamokin, for Marchinski, appellant.

Robert J. Muolo, Sunbury, for Venna, appellant.

Before KELLY, SAYLOR and MONTEMURO,* JJ.

KELLY, Judge:

In this appeal, we are called upon to determine whether, after two years of docket inactivity, on motion of a defendant, the trial court may properly enter a judgment of *non pros* where the defendant has failed to take any action to advance the listing or re-listing for argument of his preliminary objections. Because a delay caused by a defendant or properly chargeable to a defendant cannot be a ground for the entry of a judgment of *non pros* against a plaintiff, we hold that the trial court properly denied the motions for the entry of a judgment of *non pros*. Accordingly, we affirm.

The appellants, Paul A. Snyder, Jr., Paul A. Snyder, Sr., Patricia Snyder, Cash & Carry Beverages, Inc., Leonard J. Marchinski, Christy Venna, Our Lads Beverage & Soda Distributors, and Thomas J. Gallagher, bring this appeal from the October 5, 1995 order of the Court of Common Pleas, Northumberland County, which denied the appellants' motion for judgment of *non pros*. The relevant facts and procedural background in this appeal are as follows. On March 31, 1988, at approximately 11:00 P.M., one of the appellees, Bryan K. Herb, was driving along State Route 2038 in an easterly direction. At approximately the same time, Paul A. Snyder, Jr. was operating a 1979 Pontiac sedan, owned by his parents and co-appellants, on the same State Route, travelling in a westerly direction. As the two vehicles passed, proceeding in opposite directions, Paul A. Snyder, Jr. allegedly caused his motor vehicle to cross into the lane used by oncoming traffic and collided with Bryan K. Herb's vehicle. As a result of the collision, Bryan K. Herb suffered severe physical injuries and damages; the vehicle that he was driving, owned by his mother and step-father, allegedly was damaged to the extent that it was rendered a total loss. At the time of the collision, Paul A. Snyder, Jr. was intoxicated, having consumed approximately twelve bottles of beer from among the cases of beer which he had purchased earlier in the evening from Cash &

* Retired Justice assigned to the Superior Court.

Carry Beverages, Inc., an establishment co-owned by Leonard Marchinski and Christy Venna, and Our Lads Beer and Soda Distributors, owned by Thomas J. Gallagher.

On March 30, 1990, the appellees filed their writ of summons on the appellants. On July 7, 1992, the appellants praeciped the court to issue a rule upon the appellees to file a complaint within twenty days. On July 29, 1992, the appellees filed their complaint. On August 12, 1992, the Snyders filed preliminary objections; on August 14, 1992, Leonard Marchinski filed his preliminary objections; on August 20, 1992, Christy Venna filed preliminary objections. On August 25, 1992, the Snyders praeciped the court to place their preliminary objections on the next argument list; argument was scheduled for October 5, 1992. On August 26, 1992, Thomas J. Gallagher filed preliminary objections; however, neither he nor Marchinski nor Venna at any time praeciped for argument on their preliminary objections. No further action was taken by any of the appellants in furtherance of the scheduling of argument on their respective preliminary objections. On October 5, 1992, the judge who had been assigned to hear argument was unavailable. (Trial Court Opinion, September 8, 1995, at 2). For some reason, all of the preliminary objections had been scheduled for argument. (*Id.*). Because the judge was not available, all arguments were to be by briefs only. (*Id.*). However, several of the appellants requested that argument be held. (*Id.*). In spite of this request, no one took action to again praecipe the matters for argument nor did they request an order of court to re-schedule the argument. (*Id.*).

On October 11, 1994, more than two years having passed since they praeciped the court for argument on their preliminary objections, the Snyders filed a petition for entry of judgment of *non pros.* Subsequently, on November 10, 1994, Thomas J. Gallagher filed a petition for judgment of *non pros.* Then, on November 17, 1994, Christy Venna filed a petition for judgment of *non pros.* Finally, on November 23, 1994, Leonard J. Marchinski filed a petition for judgment of *non pros.* The Honorable Barry F. Feudale scheduled argument on the appellants' petitions to take place on December 5, 1994.

On January 10, 1995, the Honorable Samuel C. Ranck ordered the scheduled hearing continued to February 6, 1995. On that date, argument was continued once again, to February 22, 1995. As a result of the arguments heard, President Judge Ranck denied the petitions for entry of judgment *non pros* and ordered that argument on the preliminary objections filed by all the respective appellants be held at the next available argument court. On October 5, 1995, Judge Feudale filed an amended order, pursuant to 42 Pa.C.S.A. § 702(b),[1] wherein he again denied the four petitions for entry of judgment *non pros* and stated:

> This Court is of the opinion that this Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.

On November 6, 1995, the appellants filed a joint petition for permission to appeal to this Court. The Court granted permission to appeal on March 7, 1996. The appellants filed notice of appeal the same day.

The appellants raise the following issue for our review:

WHETHER A TRIAL COURT'S DISCRETION IN *NON PROS* MATTERS IS BROAD ENOUGH TO PERMIT IT TO DENY A MOTION FOR *NON PROS* BY SHIFTING THE RESPONSIBILITY TO MOVE A CASE FORWARD FROM THE PLAINTIFF TO THE DEFENDANT.

(The Appellants' Brief at 3).

▮▮▮ Preliminarily, we note that although this Court granted permission to appeal, we must determine whether the

---

1. Section 702 states in pertinent part:

 **(b) Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

 42 Pa.C.S.A. § 702(b).

618

appeal is properly before us or whether permission to appeal was inadvertently granted. *Donegal Mutual Insurance Company v. Ferrara,* 380 Pa.Super. 588, 590, 552 A.2d 699, 700 (1989). While an appeal may not ordinarily be taken from an order denying a motion for entry of a judgment of *non pros* because such an order is interlocutory, the instant trial court has certified the order from which the appeal has been brought pursuant to 42 Pa.C.S.A. § 702(b).

> We have held that such certification is a jurisdictional prerequisite to the filing of a Petition for permission to appeal pursuant to Chapter Thirteen of the Appellate Rules of Procedure. If the trial court's Order from which the appeal is sought to be taken contains the requisite certification and if a Petition for permission to appeal is filed pursuant to Chapter Thirteen, only then may we exercise our discretion to permit the appeal. *In re Handwriting Exemplar of Casale,* 338 Pa.Super. 111, 487 A.2d 877 (1985), *appeal granted,* 508 Pa. 605, 499 A.2d 577 (1985), *rev'd on other grounds,* 512 Pa. 548, 517 A.2d 1260 (1986). *See also* G.R. Darlington, K.J. McKeon, D.R. Schuckers & K.W. Brown, 1 *Pennsylvania Appellate Practice* 293–94 (1986) [hereinafter, Darlington]. If a Petition for permission to appeal is filed without the requisite Section 702(b) statement or if no Petition for permission to appeal is filed with the appellate court, the appeal will be quashed, as we are without jurisdiction to exercise our discretion in this regard. *Casani* [*v. Lincoln Bank,* 292 Pa.Super. 90, 436 A.2d 1019 (1981)], *supra; Handwriting Exemplar, supra; Augelletta v. Fox,* 278 Pa.Super. 1, 419 A.2d 1325 (1980).

*Hoover v. Welsh,* 419 Pa.Super. 102, 105, 615 A.2d 45, 46 (1992), *allocatur denied,* 535 Pa. 659, 634 A.2d 222 (1993). *See Groomes v. Gaut,* 415 Pa.Super. 276, 284, 609 A.2d 189, 193 (1992).

■ Because the trial court certified the order from which the appeal has been brought pursuant to 42 Pa.C.S.A. § 702(b), this Court consequently granted permission to appeal. After due consideration, we conclude that the appeal is properly before us.

 A plaintiff has an affirmative duty to prosecute his or her action within a reasonable amount of time. *Dorich v. DiBacco,* 440 Pa.Super. 581, 586, 656 A.2d 522, 524 (1995).

> [T]he question of whether to enter a judgment of *non pros* because of the plaintiff's failure to prosecute his action within a reasonable time rests within the discretion of the trial court and will not be disturbed on appeal unless there is proof of a manifest abuse of that discretion. *Penn Piping, Inc. v. Insurance Co. of North America,* 529 Pa. 350, 354, 603 A.2d 1006, 1008 (1992). In order to dismiss a case for lack of activity, the movant must show: 1) a party has failed to diligently proceed with reasonable promptitude; 2) there was no compelling reason for the delay; and 3) the delay has caused some prejudice to the adverse party, which will be presumed in actions in which the delay exceeds two years. *Id.* at 355, 603 A.2d at 1008; *Pine Township Water Company v. Felmont Oil,* 425 Pa.Super. 473, 476, 625 A.2d 703, 706 (1993), *appeal denied,* 537 Pa. 665, 644 A.2d 1202 (1994); *Pennridge Electric, Inc. v. Souderton Area Joint School Authority,* 419 Pa.Super. 201, 204, 615 A.2d 95, 98 (1992). The analysis is the same whether the motion for a judgment of *non pros* is brought *sua sponte* by the court or by the defendant. *Penn Piping v. Insurance Co. of North America, supra* at 356, 603 A.2d at 1009.

*Mudd v. Nosker Lumber, Inc.,* 443 Pa.Super. 483, 488–89, 662 A.2d 660, 662 (1995)(footnote omitted); *Dorich v. DiBacco, supra.*

Relying on *Penn Piping, Inc. v. Insurance Co. of North America, supra* and its progeny, the appellants assert that the trial court abused its discretion when it denied their petitions for entry of judgment *non pros.* We disagree.

In *Mudd v. Nosker Lumber, Inc., supra,* this Court discussed *Penn Piping, Inc. v. Insurance Co. of North America* as follows:

> In *Penn Piping v. Insurance Co. of North America, supra,* our Supreme Court held that in the absence of a compelling

reason, a two year delay in the prosecution of a claim is presumptively prejudicial. *Penn Piping v. Insurance Co. of North America, supra* at 356, 603 A.2d at 1009. A defendant is not required to make any specific showing of prejudice. *Id.* The Supreme Court listed a number of reasons for establishing such a presumption. For one, after a significant lapse in time, defendants may have a difficult time defending themselves. Witnesses may disappear. Evidence may go stale or become unavailable. Plaintiffs may gain an unfair bargaining chip in negotiations for settlement. *Id.* at 354, 603 A.2d at 1008. Additionally, defendants who are kept in the dark regarding the status of a lawsuit may be subjected to needless anxiety. *Id.*

*Mudd v. Nosker Lumber, Inc., supra* at 489, 662 A.2d at 662–63.

■ However, a delay caused by the defendant or properly chargeable to the defendant, is not a ground for the entry of a judgment of *non pros* against the plaintiff. *Wingert v. Anderson,* 309 Pa. 402, 404–05, 164 A. 333, 333–34 (1932). "[T]he law is also clear that the right to the judgment of *non pros* may be waived ... if [the defendant] is a party to, or causes the delay." *Poluka v. Cole,* 222 Pa.Super. 500, 503, 295 A.2d 132, 134 (1972), *allocatur denied* (quoting *Pennsylvania Railroad Company v. Pittsburgh,* 335 Pa. 449, 6 A.2d 907 (1939)). *See Susquehanna Mutual Fire Insurance Co. v. Clinger,* 10 Pa.Super. 92, 102–03 (1899)(where inaction in case over ten year period was no more the fault of plaintiff than of defendant, appellate court will not reverse denial of petition for judgment of *non pros* ).

■ In the instant case, the appellants all filed individual preliminary objections to the appellees' complaint. Only the Snyders, the first appellants to file preliminary objections, praeciped the court to place their preliminary objections on the next argument list. None of the other appellants even took this step. In its opinion, the trial court states:

Argument was scheduled for October 5, 1992. For some reason *all* the Preliminary Objections were scheduled.

On October 5, 1992, the Judge assigned was unavailable, and all arguments were to be by Briefs only. However, several of the counsel herein requested argument be held. Yet, no one took action to again praecipe these matters for argument nor requested an Order of Court to re-schedule the argument.

(Trial Court Opinion at 1–2). We agree with the trial court that "the party filing the Preliminary Objections is the moving party, and it is incumbent upon him to see that argument is scheduled or re-scheduled as in this case." (*Id.* at 2). Because the appellants failed to take any action to again praecipe for argument or request that the court re-schedule argument, we conclude that the appellants caused the delay about which they now complain. Accordingly, as a delay caused by the appellants or properly chargeable to the appellants cannot be a ground for the entry of a judgment of *non pros* against the appellees, *see Wingert v. Anderson, supra;* we hold that the trial court properly denied the appellants' motions for the entry of a judgment of *non pros.*

Order affirmed.

SAYLOR, J., files a dissenting statement.

SAYLOR, Judge, dissenting.

Most respectfully, I dissent. It remains the unshifting burden of a plaintiff, having brought a defendant into court, to move the case to trial. *See Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) (plaintiff, not defendant, is responsible for moving case forward); *Pennridge Electric, Inc. v. Souderton Area Joint School Authority,* 419 Pa.Super. 201, 615 A.2d 95 (1992) (settled law that it is plaintiff's burden to move case to trial).

Here, the plaintiffs sought to avoid a non pros by pointing to the defendants' inaction in failing to praecipe their preliminary objections onto the argument list. However, the plaintiffs themselves could, and in my view should, have listed the preliminary objections for argument so as to advance their cause. "If plaintiff's counsel finds herself faced with delays

622

created by others, she must take action to move the case forward, such as filing praecipes for argument on undecided motions...." *Pennridge,* 419 Pa.Super. at 209, 615 A.2d at 99.

In *Penn Piping,* for example, where the plaintiff filed an amended complaint and then took no further action for six years, our Supreme Court affirmed the grant of a non pros upon the defendant's motion, even though the defendant had never filed an answer to the complaint. As in the present case, the *Penn Piping* plaintiff argued that it was the defendant who should have been held responsible for the delay. The Supreme Court rejected such argument, describing as "erroneous [the plaintiff's] assertion that [the defendant] was responsible for not moving the case forward...." *Id.,* 529 Pa. at 357 n. 3, 603 A.2d at 1009 n. 3.