## Long v. Larusso

C.P. of Montgomery County, no. 94-22105.

*George Waite,* for plaintiff.
*William H. Pugh V,* for defendant.

194

SALUS, *J.,* September 22, 1997—This appeal arises from this court's granting of the defendant's motion for judgment of non pros, as per order dated August 1, 1997. The plaintiff's five contentions as to why this court erred in granting the instant motion are as follows: first, the defendant caused the delay from which he has now profited by the granting of non pros; second, there occurred significant docket activity and "off" docket activity; third, the defendant has made no showing of a lack of diligence or promptitude on the part of the plaintiff; fourth, compelling reasons exist for the delay; fifth, the defendant has not shown the requisite prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On November 22, 1992, at approximately 10 a.m., the plaintiff's son, Christopher, was operating a motor vehicle owned by the plaintiff. The vehicle being operated by Long was struck from behind by a vehicle operated by the defendant, Larusso. Long's vehicle was damaged in the accident. The complaint alleges that the sole cause of the accident and the damage was the negligent conduct of the defendant. In addition to property damage to the vehicle, a loss of business and business opportunities is also alleged as an injury suffered by the plaintiff.

The action was initiated by writ of summons. The summons was reissued on February 27, 1995, and served on March 16. The plaintiff filed a complaint in this action on April 11, 1997. An answer with new matter was filed on April 29, 1997. The plaintiff then replied to the new matter. The defendant's motion for judgment of non pros was filed on May 27, 1997. The motion was granted by this court by order of August 1, 1997. This appeal followed on August 12, 1997.

## DISCUSSION

The standards for a trial court to grant a motion of non pros are well settled. The decision to grant a motion of non pros is within the discretion of the trial court. For a court to dismiss an action for lack of docket activity three things must be shown: (1) a party has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. *Streidl v. Community General Hospital,* 529 Pa. 360, 363, 603 A.2d 1011, 1012 (1992). Where delay lasts for two years or more, prejudice need not be established, it is presumed. *Blackburn v. Sharlock, Repcheck, Engel and Mahler,* 433 Pa. Super. 581, 585, 641 A.2d 612, 614 (1994).

The plaintiff's first contention is that the delay in prosecuting the case was caused by the defendant's conduct.[1] Although it is true that a plaintiff may not have a judgment of non pros entered against him when the delay complained of is attributable to the defendant, *Herb v. Snyder,* 454 Pa. Super. 612, 620, 686 A.2d 412, 416 (1996) (delay caused by defendant failing to reschedule preliminary objections for argument), a plaintiff faced with such a scenario must take action to move the case forward. *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 209, 615 A.2d 95, 99 (1992). Although it may be true that the defendant continually canceled depositions and that a deposition of the defendant was never taken due to the defendant's failing health, it still does

---

1. Specifically, the plaintiff alleges that "the defendant's repeated unavailability for depositions due to the defendant's failing health" caused the delay. See pl.'s resp. to def.'s mot. for entry of non pros at 10.

not alter the fact that the plaintiff made no effort on the docket to compel the taking of the testimony.

Furthermore, the plaintiff argues as his second point on appeal, that significant "off" docket and docket activity occurred in this case. Specifically, the plaintiff contends that, as proof of the diligent prosecution of the case, the parties have been involved in negotiations making settlement imminent. Settlement discussions and negotiations will not serve as an excuse for delay in prosecuting an action. *Blackburn, supra* at 584, 641 A.2d at 614. The obvious benefits of settlement discussions pale in the face of protracted negotiations. As the court noted in *Pennridge Electric,* the prospect of vigorous litigation helps keep a real possibility of settlement alive. When the threat of litigation passes, so too do serious settlement discussions. *Id.* at 207, 615 A.2d at 98.

In the case sub judice, the plaintiff failed to keep the threat of litigation alive. Even if the defendant gave the impression, or even the promise, that settlement was imminent, it is still the burden of the plaintiff to prosecute his case until settlement is reached. Prompt prosecution of a case may necessarily entail initiating motions to compel, or even sanctions, if the defendant stalls. The plaintiff, in this case, did not fully prosecute his action.

As for other activity "off" docket, the court directs the plaintiff's attention to *State of the Art Medical Products Inc. v. Aries Medical Inc.,* 456 Pa. Super. 148, 152-53, 689 A.2d 957, 960 (1997). There the court directly held that the proper inquiry for the trial court is docket activity. As for the docket activity in this case, it came after two years and one month of inactivity.

Despite any claim that the defendant caused this delay, the burden is on the plaintiff to prosecute his action. *Id.*

The plaintiff's third point on appeal is that the defendant made no showing of a lack of diligence in the plaintiff's prosecution of the case. The plaintiff's lack of diligence is evidenced from the two-year and one-month period of inactivity and the plaintiff's failure to utilize the procedural and enforcement mechanisms available to aid in the prosecution of an action. For these reasons, a showing of a lack of diligence was made.

The fourth argument of the plaintiff on appeal is that many compelling reasons exist for the delay. Other than the defendant failing to appear for depositions and the possibility of imminent settlement, the plaintiff offers no other compelling reason. A reason for delay will be compelling only if it is the cause of the delay. *MacKintosh-Hemphill International Inc. v. Gulf & Western Inc.,* 451 Pa. Super. 385, 394, 679 A.2d 1275, 1279 (1996). Also, the reason for the delay must be one the plaintiff could not have prevented. Here, the plaintiff had many options available to prevent the alleged repeated delays by the defendant.

The plaintiff's fifth contention ignores the holding of *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). The Pennsylvania Supreme Court held there that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009. See also, *State of the Art Medical Products Inc., supra* at 152, 689 A.2d at 961; *Herb, supra* at 619-20, 686 A.2d at 416; *MacKintosh-Hemphill, supra* at 394, 679 A.2d at 1279. Be-

tween February 27, 1995, and April 11, 1997, no significant docket activity occurred. This two-year period satisfies *Penn Piping,* establishes the presumption of prejudice, and fulfills the third prong for the granting of non pros.

For the foregoing reasons, the court's order of August 1, 1997, should be affirmed.