662 A.2d 660

**Harold MUDD and Zita Mudd, Appellants,**

**v.**

**NOSKER LUMBER, INC., Jode R. DELP, Appellees.**

Superior Court of Pennsylvania.

Argued April 25, 1995.

Filed July 20, 1995.

484

Robert J. Fall, Pittsburgh, for appellants.

Jack J. Steiner, Kittanning, for Delp, appellee.

David L. Montgomery, Butler, for Nosker Lumber, appellee.

Before DEL SOLE, KELLY, and BROSKY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether the presumption of prejudice which arises from a delay in the prosecution of a civil complaint in excess of two years may be rebutted by the conduct of the defendant seeking a judgment of *non pros.* We hold that where the circumstances indicate that the party seeking *non pros* has come to the court of equity with unclean hands, that party is estopped from obtaining this equitable remedy. Accordingly, we hold that the trial court erred as a matter of law in granting appellee's motion for a judgment *non pros,* and therefore reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

This appeal arises out of the trial court's grant of appellees', Nosker Lumber, Inc.'s ("Nosker") and Jode R. Delp's ("Delp"), motion for a judgment *non pros.* Accordingly, the relevant facts and procedural history of this case are as

follows. On July 16, 1990, the Mudds filed a complaint against Nosker Lumber, Inc. to recover damages for breach of a written contract for the sale of timber located on a tract of land owned by the Mudds. On September 7, 1990, Nosker filed its answer and new matter. The Mudds filed a reply to Nosker's new matter on October 4, 1990. On January 31, 1991, Nosker filed a complaint to join Delp as an additional defendant, alleging that Delp was an independent contractor hired by Nosker for the actual cutting and removal of the timber from the appellant's property. Delp did not respond to the complaint nor did anyone enter an appearance on the court docket. Delp was insured by Rockwood Insurance Company.

On August 27, 1991, the appellants received a notice from the Pennsylvania Insurance Department stating that the Rockwood Insurance Company was liquidated and directing that all claims be filed with the appointed liquidator by August 28, 1992. On July 8, 1992, the Mudds filed their claim with the Insurance Department and awaited further direction from the liquidator regarding settlement negotiations.

There was no further docket activity until August 31, 1993, when the Armstrong County Prothonotary mailed notice to the Mudds that their case was listed for possible termination due to docket inactivity. On October 13, 1993, the Mudds' counsel filed a praecipe to list the case for trial and the case was placed on the civil trial list, which was scheduled to be called on November 12, 1993.

On the eve of trial, November 11, 1993, according to the Mudds, Nosker's attorney asked the Mudds' counsel to continue the case to the next trial list so that there could be additional time to negotiate settlement.[1] On December 13, 1993, Nosker filed its motion for judgment of *non pros,* seeking dismissal of the suit for lack of docket activity in excess of two years. By order dated December 15, 1993, the trial court issued a rule upon the Mudds to show cause why

1. The motion for continuance was apparently made orally. The trial record contains no written motion for a continuance. Nosker does not deny that it made the request.

the motion should not be granted and scheduled a hearing for January 31, 1994. After the hearing, the court entered judgment in favor of the appellees. On February 24, 1994, the Mudds sought reconsideration and requested that the trial court remove the judgment of *non pros*. On October 7, 1994, the trial court denied the request making the judgment of *non pros* a final, appealable order. This timely appeal followed.

On appeal, the Mudds raise the following issue:

WHETHER THE LOWER COURT ERRED BY GRANTING A JUDGMENT OF NON PROS AGAINST APPELLANTS FOR THE LACK OF DOCKET ACTIVITY.

Appellants' Brief at 4.

The Mudds argue that the trial court abused its discretion in three ways. First, the Mudds contend that the trial court erred in holding that the liquidation of appellee's insurer was not a compelling reason to excuse further pursuit of the action. Second, the Mudds assert that in determining the length of the "delay," the trial court erred by using as its benchmark the last docket entry rather than the filing of the proof of claim, which occurred on July 8, 1992 and would not have appeared as a docket entry. Third, the Mudds aver that neither Nosker nor Delp has been prejudiced by the delay.

At the outset, we note that the question of whether to enter a judgment of *non pros* because of the plaintiff's failure to prosecute his action within a reasonable time rests within the discretion of the trial court and will not be disturbed on appeal unless there is proof of a manifest abuse of that discretion. *Penn Piping, Inc. v. Insurance Co. of North America,* 529 Pa. 350, 354, 603 A.2d 1006, 1008 (1992). In order to dismiss a case for lack of activity, the movant must show: 1) a party has failed to diligently proceed with reasonable promptitude; 2) there was no compelling reason for the delay; and 3) the delay has caused some prejudice to the adverse party, which will be presumed in actions in which the delay exceeds two years. *Id.* at 355, 603 A.2d at 1008; *Pine Township Water Company v. Felmont Oil,* 425 Pa.Super. 473, 476, 625 A.2d 703, 706 (1993), *appeal denied,* 537 Pa. 665, 644

A.2d 1202 (1994); *Pennridge Electric, Inc. v. Souderton Area Joint School Authority,* 419 Pa.Super. 201, 204, 615 A.2d 95, 98 (1992). The analysis is the same whether the motion for a judgment of *non pros* is brought *sua sponte* by the court or by the defendant.[2] *Penn Piping v. Insurance Co. of North America, supra* at 356, 603 A.2d at 1009.

We begin with appellant's third argument. In *Penn Piping v. Insurance Co. of North America, supra,* our Supreme Court held that in the absence of a compelling reason, a two year delay in the prosecution of a claim is presumptively prejudicial. *Penn Piping v. Insurance Co. of North America, supra* at 356, 603 A.2d at 1009. A defendant is not required to make any specific showing of prejudice. *Id.* The Supreme Court listed a number of reasons for establishing such a presumption. For one, after a significant lapse in time, defendants may have a difficult time defending themselves. Witnesses may disappear. Evidence may go stale or become unavailable. Plaintiffs may gain an unfair bargaining chip in negotiations for settlement. *Id.* at 354, 603 A.2d at 1008. Additionally, defendants who are kept in the dark regarding the status of a lawsuit may be subjected to needless anxiety. *Id.*

What is not clear either from *Penn Piping v. Insurance Co. of North America, supra* or its progeny is whether the presumption of prejudice may be rebutted by defendant's own conduct. Based on the following, we conclude that any presumption of prejudice arising from the delay in pursuit of the claim may be rebutted by other circumstances. *See Van Loon v. Smith,* 103 Pa. 238 (1883).

Instantly, the record indicates that prior to praeciping their case for trial, the last docket activity initiated by the Mudds occurred on January 31, 1991. On November 11, 1993, the day before the trial was due to begin, Nosker's attorney requested that the trial be postponed for another month,

2. Under section 1901(c) of the Pennsylvania Rules of Judicial Administration, a court can motion for a judgment of *non pros sua sponte* if the plaintiff has failed to take any steps that would constitute docket activity in the previous two years. Pa.R.J.A. 1901(c).

ostensibly so that the parties could pursue a settlement. Four weeks later, and several weeks shy of the continued trial date, Nosker moved for *non pros* on December 13, 1994.[3]

These circumstances suggest that the appellees used this additional time to draft a motion for a judgment of *non pros*. It is simply unreasonable to accept the proposition that the appellees were somehow prejudiced by the delay in prosecution when they themselves requested additional delays. Our Supreme Court's decision in *Penn Piping v. Insurance Co. of North America, supra,* was meant to protect defendants from the unfairness, anxiety and prejudice that can result from a plaintiff's failure to pursue a threatened lawsuit. *Id.* at 354, 603 A.2d at 1008. We are hard-pressed to accept the notion that our Supreme Court, in establishing the "presumption of prejudice" in that case envisioned a situation in which defendants, through their own subterfuge, are able to avoid a final determination of liability. Therefore, we are of the opinion that Nosker and Delp should be estopped from utilizing this equitable remedy.[4]

3. Appellee Delp was granted permission to join Nosker's motion on January 18, 1994.

4. Although Nosker and Delp's behavior in this case clearly raises questions of fairness, the doctrine of equitable estoppel is not strictly applicable here. Equitable estoppel arises when "one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief so that he will be prejudiced if the former is permitted to deny the existence of such fact." *Zitelli v. Dermatology Educ. and Research Foundation,* 534 Pa. 360, 370, 633 A.2d 134, 139 (1993) (quoting *In re Estate of Tallarico,* 425 Pa. 280, 288, 228 A.2d 736, 741 (1967)). When estoppel is established, "The person inducing the belief in the existence of a certain state of facts is estopped to deny that the state of facts does in truth exist, over a different or contrary state of facts or deny or repudiate his acts, conduct, or statements." *Id.,* 425 Pa. at 288, 228 A.2d at 741. In the instant case, although Nosker and Delp, by asking for a continuance have acted in such a way as to prejudice the Mudds, they are not attempting to deny their request for a continuance. They are not denying the existence of a set of facts. Strictly speaking, equitable estoppel is not a remedy. In this case, we are using the term "estoppel" in its dictionary sense, *i.e.,* "That [a] party is prevented by his own acts from claiming a right to the detriment of the other party who was entitled to rely on such conduct and has acted accordingly." Black's Law Dictionary, 5th Ed. at 494.

Moreover, to accept the proposition that the appellees have been prejudiced by the delay would stand the principle underlying the grant of *non pros* on its head. The grant of *non pros* has evolved as a mechanism to ensure that plaintiffs do not take advantage of defendants through dilatory tactics. *Id.* at 354, 603 A.2d at 1008. This principle should apply equally to defendants. If a plaintiff cannot delay a lawsuit to achieve a desired result, then neither should a defendant.

Additionally, a party seeking equitable relief, as Nosker is doing in this case, must come before the court with clean hands. *In re Francis Edward McGillick Foundation,* 406 Pa.Super. 249, 263, 594 A.2d 322, 329 (1991), *affirmed in part, reversed in part on other grounds,* 537 Pa. 194, 642 A.2d 467 (1994).[5] One guilty of wrongdoing should be denied access to the court. *Id.; Sprague v. Casey,* 520 Pa. 38, 46, 550 A.2d 184, 188 (1988) ("he who seeks equity must do equity"). It is our determination that Nosker has come before the court with unclean hands. Nosker's request for a continuance was apparently made in bad faith. The appellees misled the Mudds into believing they wished to negotiate a settlement and now ask that this Court reward them for their tactics by affirming the grant of *non pros.* We cannot, in good faith, affirm a judgment based on principles of equity when Nosker's own behavior raises fundamental questions of fairness.

Therefore, under these circumstances, it is our determination that the presumption of prejudice has been rebutted. Accordingly, we conclude that the trial court misapplied the law of *Penn Piping v. Insurance Co. of North America, supra,* to justify *non pros* in the instant case. Because the court's erroneous application of the law to these facts effectively denied the Mudds their day in court, we hold that this error constitutes a manifest abuse of the trial court's equitable

5. The doctrine of unclean hands applies when the wrongdoing directly relates to the matter in controversy and affects the relationship between the parties. *In re Francis Edward McGillick Foundation, supra* at 263, 594 A.2d at 329. Further, it may be raised by an appellate court *sua sponte. In re Estate of Pedrick,* 505 Pa. 530, 482 A.2d 215 (1984); *see also Jackman v. Pelusi,* 379 Pa.Super. 361, 550 A.2d 199 (1988), *superceded by statute on other grounds as stated in Benjamin v. Benjamin,* 408 Pa.Super. 320, 596 A.2d 877 (1991) (same).

discretion. Therefore, we vacate the judgment of *non pros,* and remand this case to the trial court to be listed for a trial on the merits.

Order reversed; case remanded. Jurisdiction relinquished.

DEL SOLE, Judge, dissenting.

In my view, the Majority is substituting its judgment for that of the trial court. The question before us is whether the trial judge abused his discretion by entering and then refusing to remove the non pros. Recently, our Supreme Court had occasion to discuss the proper review of discretionary actions by trial courts. In *Paden v. Baker Concrete Const., Inc.,* 540 Pa. 409, 658 A.2d 341 (1995), a unanimous court reversed the Superior Court when we engaged in a prejudice analysis to support a determination of trial court error in enforcing a Rule of Civil Procedure. In its discussion, the Court stated:

> There is little doubt that this is a situation in which Rule 126 might appropriately have been applied, had the trial court deemed it to be required in the interest of justice. Nevertheless, the trial court having rejected the reprieve allowed by Rule 126, we do not deem the striking of the improper joinder to show manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous. Thus, even if we might have reached a different conclusion had the decision been ours in the first instance, it was not an abuse of discretion for the trial court to rule as it did.
>
> ... it is not an abuse of the trial court's discretion to enforce the rules of civil procedure, even when the result has a serious adverse effect on the party violating the rules ...

540 Pa. 415, 658 A.2d at 344.

I conclude that the trial judge correctly analyzed this case and properly entered the non pros. There was over a two year delay. It is disingenuous to blame that delay on the insolvency of the insurer of one of the parties, since no stay of

litigation against its insureds was issued. Most importantly, the plaintiffs complaint included both a breach of contract claim and a negligence claim. It was filed against Nosker Lumber, Inc. who then joined Jode R. Delp as an additional defendant. It was Delp's insurer that was insolvent.

Two aspects of the case are important. First, the breach of contract claim was for payment for timber removed and would not be covered by insurance, therefore the insurers insolvency had no bearing on this count. Second, it was the additional defendants insurer that was insolvent, again this did not effect the claim against the original defendant.

Also, this Court has held that a claim of possible settlement negotiations is an insufficient reason to excuse delay. *Penn-ridge Electric, Inc. v. Souderton Area Joint School Authority,* 419 Pa.Super. 201, 615 A.2d 95 (1992). A claim that a party is awaiting what will happen to the insurer of an additional defendant should be treated the same. The case could and should have proceeded against the original defendant.

The Majority misinterprets the application of the Supreme Courts decision in *Penn Piping, Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). The trial court had granted a non pros for inactivity exceeding two years. On appeal, this court reversed finding that there was no showing of prejudice against the defendant from the delay. The Supreme Court reversed this court, holding that there is a presumption of prejudice after two years. It went on to state:

> Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket.

529 Pa. at 356, 603 A.2d 1006.

This courts engaging in a prejudice analysis was rejected in *Penn Piping,* and in *Paden.* It should be rejected in this case. Since I cannot agree that the trial court abused its discretion in entering the non pros, I dissent.