## Kelso Beach Vacationland Inc. v. Kelso Woods Association Inc.

*William J. Schaaf,* for plaintiff.
*Mario P. Restifo,* for defendant.

JOYCE, *J.,* January 26, 1996—This matter is before the court on the defendant's motion for judgment of non pros. The relevant procedural facts and history are as follows.

A complaint was filed in equity on April 18, 1988. The defendant filed preliminary objections which were granted and thereafter an amended complaint was filed on October 24, 1988. The preliminary objections to the second complaint were denied on February 3, 1989 and the defendant filed an answer and new matter on March 14, 1989. A praecipe for a status conference was filed on March 22, 1989. Then, on September 19, 1989, an order of the court ordered for the conclusion of discovery. After this date, nothing was recorded on the docket until April 28, 1994, approximately four and one-half years later, when the plaintiff filed notice of service of interrogatories. The plaintiff also filed a pretrial narrative on May 12, 1995 and filed for Certification II on July 11, 1995, which was granted on August 29, 1995. However, the day before, August 28, 1995, the defendant filed not only a praecipe for the argument list, but a motion for judgment of non pros as well. For the following reasons, the defendant's motion for judgment of non pros is granted.

A judgment of non pros is properly entered when "a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for

the delay, and the delay has caused some prejudice to the adverse party." *Penn Piping Inc v. Insurance Company of North America,* 529 Pa. 350, 352-53, 603 A.2d 1006, 1007 (1992) (citing *James Brothers Lumber Company v. Union Banking and Trust Co. of Dubois,* 432 Pa. 129, 247 A.2d 587 (1968)). Additionally, the Supreme Court in *Penn Piping, supra* held that when there is an absence of docket activity for two or more years, the lapse of time is presumptively prejudicial for the purposes of dismissing the case.[1] *Id.* at 356, 603 A.2d at 1009.

The plaintiff argues that judgment of non pros should be denied because the delay in this case was fostered by the defendant. The plaintiff's brief makes reference to correspondence during 1990 regarding a possible settlement. It is the plaintiff's contention that the case did not move forward because, although the plaintiff made a settlement proposal in 1990, the defendant did not reject it until June 23, 1994. Thus, the plaintiff argues, the defendant has unclean hands for its participation in the delay and should be denied their motion for non pros based on the principles of equity.

The plaintiff relies on *Mudd v. Nosker Lumber Company,* 443 Pa. Super. 483, 662 A.2d 660 (1995) to support their position. In *Mudd,* the appellants challenged the trial court's grant of judgment of non pros. Apparently

---

1. In his motion for judgment of non pros, the defendant also alleges that he suffered prejudice since (1) the composition of the board of directors has changed substantially since the filing of this action and since the date of the last meaningful docket activity, (2) the director who was in charge, and who was also the liaison between the board and defense counsel is now deceased, and (3) the officers of Kelso Woods Association have changed. Since the delay was for over four and one-half years, the prejudice will be presumed pursuant to *Penn Piping* and these issues will not be addressed.

counsel for the appellee filed for a continuance on the eve of trial to supposedly pursue settlement negotiations. Appellants argued, successfully, that the continuance was a facade for the true ulterior motive of counsel which was to allow the two-year time period to expire and file a motion for judgment of non pros. The appellate court reversed the grant of non pros and held that the presumption of prejudice is rebutted by other circumstances and that the appellee should be estopped from utilizing the procedural remedy of non pros. *Mudd, supra* at 489, 662 A.2d at 663.

The court finds *Mudd* distinguishable from the case at hand. There is no evidence that the defendant through its own subterfuge acted in a manner inconsistent with the spirit of *Penn Piping.* Indeed, the defendant could have feasibly filed the motion for non pros two and one-half years earlier since the docket inactivity lasted for over four and one-half years. Thus, the court does not find that the defendant acted in bad faith or with unclean hands and will not rebut the presumption of prejudice.

The law mandates that the burden of moving a case forward lies with the plaintiff and, as such, the plaintiff accepts the ramifications of not acting within a reasonable time. *Pennridge Electric Inc v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 209, 615 A.2d 95, 99 (1992) (citing *Penn Piping, supra* at 357 n.3, 603 A.2d 1009 n.3). In determining whether a party has a legitimate excuse for not acting diligently, it is well settled that delays caused by settlement negotiations, discovery and financial considerations are not deemed to be compelling reasons. *County of Erie v. Peerless Heating Company,* 660 A.2d 238 (Pa. Commw. 1995). Although the plaintiff maintains that the delay in the case was caused by the defendant's decision

regarding the settlement proposal, this is not a compelling reason that would reasonably explain the lack of docket activity for over four and one-half years.

The court finds that the plaintiff did not proceed with due diligence and that there is no compelling reason for the delay. Since the lapse of docket activity was for a period of over four and one-half years, prejudice suffered by the defendant is presumed pursuant to *Penn Piping* and its progeny. Therefore, the defendant's motion for judgment of non pros is hereby granted.