**Linda BIONDILLO and Anthony Biondillo, a Minor, By and Through His Mother and Guardian, Linda Biondillo and Joanne Leshnack and Leonard Leshnack, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION**

v.

**Linda BIONDILLO.**

Commonwealth Court of Pennsylvania.

Argued March 11, 1996.

Decided April 15, 1996.

---

Gerald R. Walton, for Appellants.

J. Elise Tourek, Senior Deputy Attorney General, for Appellee.

Before McGINLEY and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Linda Biondillo, Anthony Biondillo and Joanne Leshnack (Plaintiffs) appeal from an order of the Court of Common Pleas of Crawford County (trial court) entering a judgment of non pros in favor of the Department of Transportation (DOT). We reverse and remand.

This cause of action arose from Plaintiffs' single vehicle automobile accident that occurred on June 16, 1985. On June 16, 1987, Plaintiffs initiated the present cause of action against DOT. DOT filed preliminary objections and Plaintiffs filed an amended complaint on February 4, 1988. On July 12, 1988, DOT filed an answer and new matter joining Linda Biondillo as an additional defendant (Additional Defendant) as well as discovery requests directed to Plaintiffs. The docket reflects that Plaintiffs answered the discovery requests on June 21, 1990. Four days later, on June 25, 1990, Plaintiffs filed a notice of service of requests for production of documents directed to DOT. DOT filed a notice of service of answers to those requests on August 27, 1990. The docket does not indicate any additional activity by Plaintiffs until June 2, 1993 when they filed a

verification of service of a second set of requests for production of documents.[1]

After Plaintiffs' June 2, 1993 verification of service of a second request for production of documents, no further docket activity took place until Plaintiffs filed a certificate of readiness on January 17, 1995. Consequently, between June 25, 1990 and January 17, 1995, the only docket activity on behalf of Plaintiffs was the June 2, 1993 verification of service of a second request for production of documents.

On March 6, 1995, Plaintiffs requested a settlement conference before the trial court. Thereafter, on March 15, 1995, DOT moved for a continuance. That same date, the trial court struck the action from its April 1995 trial list due to Plaintiffs' failure to comply with local rules regarding the placement of cases on the trial list. DOT then filed a petition for judgment of non pros on April 6, 1995.

The trial court granted DOT's petition for judgment of non pros on July 13, 1995. Citing the case of *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), the trial court noted that the circumstances in which a court may exercise its discretion to enter a judgment of non pros are (1) when a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused prejudice to the adverse party.

After considering these factors, the trial court held that the lack of docket activity over a prolonged period of time, including

the absence of any indication on the docket that Plaintiffs had significantly initiated or participated in discovery in an ongoing basis in order to move the matter to trial, demonstrated Plaintiffs' failure to proceed with the case within a reasonable period of time. The trial court did, however, refuse to find that DOT was presumptively prejudiced by Plaintiffs' delay.[2] While there had been long periods of inactivity by Plaintiffs on the docket, there had not been an uninterrupted two-year delay of all activity on the docket.

Because of the unavailability of witnesses and the absence of important documents, the trial court determined that DOT *had* shown it suffered prejudice and that Plaintiffs had not presented a compelling reason for their dilatory conduct. In this regard, the trial court rejected Plaintiffs' argument that DOT had failed to show it was prejudiced by the delay because DOT had not shown that it was unable to locate witnesses and that DOT should have known what documents would be necessary to its defense.[3]

On August 11, 1995, Plaintiffs filed a request for relief from judgment of non pros. In its memorandum and opinion denying Plaintiffs' request for relief, the trial court reiterated that Plaintiffs had a duty to move the litigation forward but failed to do so. In addition, the trial court considered and rejected the Superior Court's recent opinion in the case of *Mudd v. Nosker Lumber, Inc.*, 443 Pa.Superior Ct. 483, 662 A.2d 660 (1995) finding that it was distinguishable from the case at hand.

■ On appeal to this Court,[4] Plaintiffs contend DOT failed to prove it was actually

---

1. The docket does, however, reflect activity by parties other than Plaintiffs between June 25, 1990 and June 2, 1993. For example, counsel entered his appearance on behalf Additional Defendant on October 15, 1990 and Additional Defendant's reply to new matter was filed on November 1, 1991. Moreover, between June 25, 1990 and June 2, 1993, DOT served Plaintiffs with a request to produce expert reports and a list of witnesses to be presented at trial.

2. The *Penn Piping* decision held, *inter alia*, that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket.

3. Pertinent documents had been destroyed pursuant to DOT's seven-year purge cycle.

4. This Court's scope of review is limited to determining whether the trial court abused its discretion in dismissing the case for failure to prosecute within a reasonable time. *Neshaminy Constructors, Inc. v. Plymouth Township*, 132 Pa. Cmwlth. 229, 572 A.2d 814, 816 n. 1 (1990). An abuse of discretion is not merely an error in judgment but exists where the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will as shown by the evidence of record. *Id.*

prejudiced by Plaintiffs' delay in prosecuting the action and that DOT had "unclean hands" when it petitioned for the judgment of non pros.

■ Prejudice, for purposes of entering a non pros, is not limited to the death or absence of material witnesses, but may also attach where, because of delay, there is loss of documentary evidence or any substantial diminution in a party's ability to properly present its case. *Neshaminy.* Based on our review of the record, we are not convinced that DOT proved anything beyond general allegations of prejudice. For example, DOT contends that the destruction of pertinent documents pursuant to its seven-year purge cycle will make it extremely difficult to try the case. Be that as it may, DOT clearly prejudiced itself when it failed to preserve the documents at issue. Moreover, DOT alleges that certain witnesses have retired yet it has not shown that those witnesses cannot be located. Hence, because the record does not contain any persuasive evidence of prejudice, we believe that the trial court erred when it found that DOT had proven this necessary element.

■ With regard to the second issue before this Court, we have determined that, contrary to the trial court's holding, the Superior Court's decision in *Mudd* does provide support for Plaintiffs' contention that DOT requested the equitable remedy of non pros with unclean hands. In *Mudd,* a civil case had been listed for possible termination due to docket inactivity. Upon learning of this probability, the appellants listed the case for trial. On the eve of trial, the appellees requested, and the trial court granted, a continuance of the case to the next trial list so that the parties could possibly negotiate a settlement. Approximately one month later, the appellees filed a petition for judgment of non pros and the trial court entered judgment in their favor.

On appeal, the *Mudd* court concluded that any presumption of prejudice arising from the delay in pursuit of a claim may be rebutted by other circumstances. The court noted that the circumstances surrounding the appellees' request for a judgment of non pros suggested that the appellees used the additional time to draft the petition. Because the appellees, "through their own subterfuge," sought to avoid a final determination of liability via their request for a continuance, the court held that the appellees were estopped from utilizing the equitable remedy of a non pros judgment. *Id.* at 490, 662 A.2d at 663.[5] Moreover, because the request for a continuance was made in bad faith, the court concluded that the appellees came before the court with "unclean hands." *Id.* at 491, 662 A.2d at 663. Thus, the court held that, under the circumstances, the presumption of prejudice had been rebutted.

Here, we face a similar factual scenario. Plaintiffs listed the case for trial and DOT moved for a continuance. On the same day, the trial court struck Plaintiffs' case from the trial list due to their failure to comply with local rules of procedure. DOT contends that this action by the trial court is significant. It attempts to distinguish the present case from *Mudd* by stressing that the trial court never addressed its request for a continuance but, instead, chose to *sua sponte* strike the case from the trial list. DOT would have this Court hold that the trial court's failure to rule on DOT's motion for continuance effectively nullified DOT's motive for seeking the continuance in the first place. We do not agree.

Regardless of whether the trial court ruled on DOT's motion for a continuance, the motion was drafted, filed and appears on the trial court's docket entries. As in *Mudd,* it is apparent that the motion for a continuance was filed in order to provide DOT with additional time to draft its petition for judgment of non pros. As a result, DOT came before the trial court with unclean hands.

---

5. The court stated:

> [T]o accept the proposition that the appellees have been prejudiced by the delay would stand the principle underlying the grant of *non pros* on its head. The grant of *non pros* has evolved as a mechanism to ensure that plaintiffs do not take advantage of defendants through dilatory tactics.... This principle should apply equally to defendants. If a plaintiff cannot delay a lawsuit to achieve a desired result, then neither should a defendant.

*Id.* at 491, 662 A.2d at 663 (citation omitted).

Accordingly, we reverse the judgment of non pros and remand this case to the trial court with the direction that it be listed for trial on the merits.

### ORDER

NOW, April 15, 1996, the judgment of non pros is hereby reversed. This matter is remanded to the trial court with the direction that it be listed for trial on the merits.

Jurisdiction relinquished.