## Grimes v. Lapasta

C.P. of Pike County, no. 495-1994.

*Joseph P. McDonald,* for plaintiff.
*Thomas Earl Mincer,* for defendants.

THOMSON, *P.J.,* January 24, 1997—Before the court is the defendants' petition for non pros. The plaintiff has filed an answer. After argument on this petition, the issues are now ripe for adjudication.

## FACTS

This matter involves a breach of contract claim brought by an instructor against his employer, a consulting firm. The complaint was filed on May 6, 1994. The defendants filed an answer and counterclaim on June 7, 1994. On September 27, 1994, the plaintiff filed an answer to the defendants' answer and counterclaim. The next docket activity is the defendants' filing of their petition for non pros on November 19, 1996.

## DISCUSSION

The law is established that a court may enter a judgment non pros where: (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no reason for the delay; and (3) the delay has caused prejudice to the adverse party. *James Brothers Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

Our Supreme Court enunciated the policy concerns which support the rules regarding dismissal. See *Penn Piping Inc. v. INA,* 529 Pa. 350, 356, 603 A.2d 1006, 1009 (1992). In *Penn Piping,* the Supreme Court stated:

"On the one hand, if the suit is dismissed because of delay which can be laid at the door of negligent counsel, a plaintiff whose suit is dismissed may be without meaningful remedy, particularly where counsel is uninsured and without sufficient assets. On the other hand, where a plaintiff, without reasonable explanation, has delayed an inordinate time to pursue his action, a defendant may have difficulty defending because of the lapse of time, and we must make note of our cognizance of how anxiety based on apprehension of being sued can affect a defendant. Fairness demands that such

anxiety not be unreasonably or unnecessarily prolonged." *Id.* at 354, 603 A.2d at 1008.

The *Penn Piping* court clarified the time limit for docket inactivity which will give rise to a presumption of prejudice to the adverse party. The court stated:

"[W]e now hold that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1006. (footnote omitted)

In this matter, there is a gap in time on the docket from September 24, 1994 to November 19, 1996. Since this is a delay of more than two years, there is a presumption that the defendants have been prejudiced. However, "any presumption of prejudice arising from the delay in pursuit of the claim may be rebutted by other circumstances." *Mudd v. Nosker Lumber Inc.,* 443 Pa. Super. 483, 489, 662 A.2d 660, 663 (1995). (citation omitted)

In *Mudd,* the plaintiffs received notice from the Armstrong County's prothonotary that their case was listed for possible termination due to docket inactivity. The plaintiffs placed their case on the trial list. On the eve of trial, the defendants in *Mudd* persuaded the plaintiffs to continue the trial so as to provide more time for settlement negotiations. Shortly thereafter, the defendants filed a motion for judgment non pros based upon docket inactivity.

The Superior Court in *Mudd* reversed the trial court's granting of the judgment non pros. The court ruled that the defendants should not be released from potential

liability based upon their own "subterfuge." *Id.* at 490, 662 A.2d at 663. The court in *Mudd* reasoned as follows:

"It is simply unreasonable to accept the proposition that the [defendants] were somehow prejudiced by the delay in prosecution when they themselves requested additional delays. . . .

"Moreover, to accept the proposition that the [defendants] have been prejudiced by the delay would stand the principle underlying the grant of non pros on its head. The grant of non pros has evolved as a mechanism to ensure that plaintiffs do not take advantage of defendants through dilatory tactics. . . . This principle should apply equally to defendants. If a plaintiff cannot delay a lawsuit to achieve a desired result, then neither should a defendant." *Id.* at 490-91, 662 A.2d at 663. (citation omitted)

The defendants' actions in this matter do not rise to the level of "subterfuge." However, the defendants have been the cause of the delays in this case where the plaintiff has attempted to move forward. Counsel for the plaintiff alleges that on July 16, 1996, he notified defense counsel of his intention to list the matter for arbitration. Plaintiff's counsel noted that this procedure was resisted by the defendants.[1]

Plaintiff also alleges that the defendants refused to appear for depositions which were scheduled for November 7, 1996. On the morning of November 7, 1996, counsel for the plaintiff received a fax from defense

---

1. We are aware that it is the duty of plaintiff's counsel to move the case forward. See *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 209, 615 A.2d 95, 99 (1992). However, we will not dismiss the plaintiff's case under these facts. Here, it appears that the plaintiff acceded to the defendants' desire to forego arbitration and proceed with formal discovery.

counsel which cancelled all scheduled depositions. Twelve days later, defense counsel filed the petition for non pros. Plaintiff argues that defendants' untimely cancellation and failure to attend scheduled depositions constitutes bad faith which rebuts the presumption of prejudice. We agree.

Therefore, under the facts of this case, we find that the presumption of prejudice has been rebutted. This is not a case where the plaintiff has been taking advantage of the defendants through dilatory tactics. Rather, the delays have been occasioned by the defendants. Since the defendants have not established all the elements necessary for the granting of a judgment non pros, we must deny their petition.

### ORDER

And now, January 24, 1997, upon consideration of defendants' petition for non pros, plaintiff's reply, and argument held thereon, defendants' petition is hereby denied.